[No. 2,719.]

## JOHN WILSON v. M. CAPURO and G. CAPURO.

BANKRUPTCY—ACTION BY CREDITOR AFTER PROVING DEBT. — Under the provisions of section twenty-one of the United States Bankrupt Act of 1867, a creditor who has proved his debt is deemed to have waived his right of action against the bankrupt, and cannot maintain such action.

CONTROL OF BANKRUPT'S ASSETS EXCLUSIVE IN FEDERAL TRIBUNALS.— It is the intent of that Act that the Federal tribunals shall have the exclusive control of the assets of the bankrupt, and shall distribute the proceeds among his creditors.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The plaintiff demurred to defendants' answer, the demurrer was overruled, and the defendants obtained judgment, from which the appeal was taken.

The other facts are stated in the opinion.

*Byers & Elliott,* for Appellant.

Section twenty-one of the Bankrupt Act of 1867 was not intended to mean that if the bankrupt shall have been guilty of palpable frauds of so gross a character that he dare not make an attempt to get a discharge, that the creditor shall be compelled to remain content with having proved up his claim, whether he shall have received a dividend or not, and not be permitted to enforce his claim in action subsequently brought upon the unpaid claim. Such a construction is a bid for fraud. It is true the creditor might decline to prove up his claim and depend upon preventing the bankrupt's discharge, and collect his debt out of the future acquisitions of the bankrupt; this remedy would be no less unfavorable for the creditor than proving up his claim in the hope of obtaining a dividend. The parties proving up would have no object in opposing the discharge, if they had waived all

right of future action by proving their claim; and this, notwithstanding the bankrupt had committed a thousand fraudulent acts which would prevent his discharge, if suggested in opposition thereto. (Compare section five of the Bankrupt Act of 1841, found in Hilliard on Bankrupt, p. 442, and section twenty-one of the Act of 1867; *Hamlin* v. *Hamlin*, 3 Jones' Eq. N. C. 191; *Haxtun* v. *Corse*, 2 Barb. Chan. 506.) No plea but a discharge will suffice to abate the suit. The creditor has a right to prosecute his suit notwithstanding the proceedings in the Court of bankruptcy, no discharge being pleaded, unless he be enjoined from further proceedings by an order from the Court in which the insolvency proceedings are pending. (*In re. Bellows & Peck*, 3 Story, 428.)

It appears from this case that the United States District Court might restrain the creditor from proceeding further in the State Court until the termination of proceedings in bankruptcy. Should no injunction be thus placed on the creditor, he is at liberty to pursue his action to judgment. The State Court is under no obligation to suspend any proceedings properly before it on account of any proceedings pending in the United States Court. Neither should it—for the debtor, if desiring it, may procure an order restraining the creditor, but this order cannot affect the jurisdiction of the State Court, but will simply render the creditor amenable for contempt of Court in thus pursuing his action, should he refuse to discontinue it.

The State Court cannot recognize a plea of insolvency proceedings pending, as any defense to an action, as it is not made a defense by any statute. Neither should it, upon this plea, discontinue the suit. (*Hobart* v. *Haskell*, 14 N. H. 127; *In re. Roseberg*, 2 B. R. 81; *In re. Metcalf et al.*, 6 I. R. R. 223; *In re. Reed*, 6 I. R. R. 21; *In re. Jacoby*, 6 I. R. R. 149; *In re. Myers*, 1 B. R. 162; James' Bankruptcy, 139; *Atkin-*

son v. *Fontenberry*, 7 S. & M. 302; *Ingass* v. *Savage*, 4 Barr, 224.)

In the case at bar the Court has, upon the defendants' plea of proceedings pending, ordered a dismissal of the case and judgment for defendant for his costs.

It will appear from the answer of defendant that his petition in bankruptcy was filed in April, 1868. No steps have ever been taken to obtain a discharge. The Court by its judgment finds that the plea of proceedings pending is a complete bar to the action as fully as the plea of discharge would have been. But as we have seen, the stay, where granted, is only to obtain time to get a discharge and plead it in defense. Why should any stay be ordered if the plea of proceedings pending is a complete defense, entitling the defendant to a judgment for his costs? The tenor of every decision is that where proceedings in insolvency are pending, the proper Court (United States District Court) may restrain the creditor from further proceedings until the debtor has had an opportunity of applying for his discharge; for it was held *In re. Rosenberg*, 3 B. R. 81, that if the discharge be refused the stay ceases, and the creditor is entitled to prosecute his action to judgment.

*J. H. Todd*, for Respondents.

Section twenty-one of the Bankrupt Act of 1867 has reference to two classes of creditors of the bankrupt: first, creditors who prove their debts in the bankruptcy proceedings; second, creditors who do not prove their debts, but whose debts are provable under the provisions of said Act. The first class are, under the provisions of the section, not allowed to maintain any suit at law, etc., for the debts proven. The second class are not allowed, by the provisions of the second clause of section twenty-one, to prosecute to judgment any suit on the debts which are provable without permission of the Bankrupt Court, until the question as to the

bankrupt's final discharge be determined. The pendency of the proceedings in bankruptcy, and the proof made therein by the creditor, if not a matter in bar, must, at the very least, be a matter in abatement of any action which the creditor may bring for the debt which he has proven. It was not the intention of Congress that a creditor should be allowed to pursue two remedies at the same time and in different tribunals for the same indebtedness. The State Courts must take notice of the laws of Congress and be governed thereby, so far as they may affect the rights of the parties litigant in the State Courts. The Constitution and the laws of the United States which shall be made in pursuance thereof, are the supreme law of the land, and the Judges of every State are bound thereby. (Art. VI, Const. of the U. S.)

The first clause of the twenty-first section of the Bankrupt Act is not ambiguous; it requires no judicial interpretation to explain its meaning. The question is not what should have been, but what are the provisions of the Act in reference to the effect of proving a debt by a creditor in the proceeding in bankruptcy. In *Haxtun* v. *Corse*, 2 Barb. Chan. Rep. 532, Chancellor WALWORTH held that by the mere act of proving the debt, for the recovery of which proceedings were pending in the State Courts, such proceedings were absolutely surrendered, relinquished, and discontinued; and the Chancellor quotes with approbation the opinion of Judge Ware, in the case of *Everett* v. *Derby*, 5 Law Rep. 225. The language of the Bankrupt Act is: " That no creditor, proving his debt or claim, shall be allowed to maintain a suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt, and all proceedings already commenced shall be deemed to be discharged."

If, then, " the proving of the debt operates as a surrender *ipso jure* of the action, and is a bar to any further proceed-

ings in that suit," by parity of reason, such proof must be a bar to an action in the State Courts to recover the debt so proven.

The Chancellor, in *Haxtun* v. *Corse*, 2 Barb. Chan. R. 529, gave, as his opinion, with considerable hesitation, that the proof of a debt in proceedings in bankruptcy would not bar the creditor who proved the debt of all right to the future acquisitions of the bankrupt; but that was not the real point at issue in that case. The real point at issue was, whether the proof of the debt operated *ipso jure* as a surrender of a judgment for the same demand rendered before the debt was proven; and the Chancellor, without hesitation, held that it did so operate.

There is a difference between the English statutes in respect to the effect of the proof of a debt against a bankrupt's estate and the bankrupt law of the United States on the same subject.

The fourteenth section of the statute, 49 Geo. III, Chap. 121, declared that the proving of a debt under a commission against the bankrupt should be deemed an election by the creditor to take the benefit of such commission in respect to the debt so proven. By the United States Bankrupt Act, the creditor proving his debt shall be deemed to have waived all right of action and suit against the bankrupt.

The provisions of the Bankrupt Act against the right of a creditor who has proven his debt to maintain an action therefor, is much more pointed and stringent than the English statute on the same subject.

If the proof of a debt be a defense in any Court, why not in a State Court? It was held to be a defense in *Haxtun* v. *Corse*, hereinbefore cited. The cases cited by the counsel for appellant were those arising under the second clause of the twenty-first section or cases arising under the clause of the thirty-third section above referred to. United States

District Courts have jurisdiction in their respective districts only. (Bankrupt Act, Sec. 1.)

In case the creditor of a bankrupt should be without the jurisdiction of the United States District Court, having cognizance of the bankruptcy proceedings, the bankrupt might be without remedy against the claim of such creditor, although he may have proven his debt and thereby become entitled to a dividend from the bankrupt's estate. If the United States District Court have no jurisdiction of the person of the creditor, it could make no effective order restraining him from pursuing his action in the State Court.

The proof of a debt by a bankrupt creditor is *ipso jure* a surrender of a judgment for the same debt, and available in a State Court. (See *Haxtun* v. *Corse*, above cited.) And, as respondent claims, it is also an absolute waiver of all right of action for the same debt, and is available as a defense in a State Court in an action for the same debt.

A creditor whose debt is provable—not proven—does not waive his right of action against the bankrupt; but any action such creditor may commence to enforce the collection of the debt, may be restrained upon the application of the bankrupt to await the determination of the Court in bankruptcy on the question of the discharge.

This restraining order should, of course, be made by the Court in bankruptcy, which has jurisdiction of the matter, and not by the State Court.

The proving by a creditor of the debt not created by fraud is a defense available in any Court. The fact that the debt is provable, though not proven, is a matter entitling the bankrupt to a temporary restraining order from the Court in bankruptcy against the creditor until the question of the bankrupt's discharge be determined therein.

By the Court, RHODES, C. J.:

This action was brought on a promissory note. The defendants, among other defenses, alleged that they, as partners, commenced proceedings in bankruptcy; that they were duly adjudged bankrupts; that the proceedings are still pending; and that the plaintiff appeared in those proceedings and proved the indebtedness of the defendants to him on the note in suit. The demurrer which was interposed to this defense, raises the only question in the case.

It is provided by section twenty-one of the Act of 1867, to establish a uniform system of bankruptcy throughout the United States (14 U. S. Stats. 526), "that no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt," etc. It is clear, from this provision, that a creditor who has proved his debt in the bankruptcy proceedings, cannot maintain an action on the same demand against the bankrupt. His right of action in the State Court, as well as in the Federal Courts, is waived. The purposes of the Act would, in a great measure, be defeated were the creditor permitted to recover a judgment on his debt, after having proved it in the bankruptcy proceedings. It is the intent of the Act that the Federal tribunals shall have the exclusive control of the assets of the bankrupt, and shall distribute the proceeds among his creditors. A judgment in a State Court, on a debt which has been proved in the proceedings in bankruptcy, would be useless unless it gave the creditor some lien or priority that he otherwise would not possess, or enabled him to enforce the payment of the judgment without regard to the proceedings in bankruptcy. A discharge in bankruptcy would be no relief to the debtor, if the creditor, after participating in those proceedings, were entitled to maintain an action on his debt.

No question arises in the case, as to whether a creditor can maintain an action, when the debtor has unduly delayed in procuring his discharge, or when the discharge has been denied, or when he has been guilty of fraud in the proceedings in bankruptcy; for no facts of that character are alleged or proved.

Judgment affirmed.