## New Lamp Chimney Company *v.* Ansonia Brass and Copper Company.

1. The creditor of a manufacturing corporation, which was duly adjudicated a bankrupt, who proved his claim and received a dividend thereon, does not thereby waive his right of action for so much of the claim as remains unpaid.

2. A decree adjudging a corporation bankrupt is in the nature of a decree *in rem* as respects the *status* of the corporation, and, if the court rendering it has jurisdiction, can only be assailed by a direct proceeding in a competent court, unless it appears that the decree is void in form, or that due notice of the petition was not given.

ERROR to the Supreme Court of the State of New York.

The case was argued by *Mr. J. M. Martin* for the plaintiff in error, and by *Mr. D. D. Lord* for the defendant in error.

Mr. Justice Clifford delivered the opinion of the court.

Corporations, whether moneyed, business, or commercial, and joint-stock companies, are subject to the provisions of the Bankrupt Act; and the thirty-seventh section of the act provides to the effect, that upon the petition of any officer of any such corporation or company, duly authorized by a vote of a majority of the corporators at any legal meeting called for the purpose, or upon the petition of any creditor or creditors of the same, made and presented in the manner provided in respect to other debtors, the like proceedings shall be had and taken as are required in other cases of voluntary or involuntary bankruptcy; but the same section provides that no allowance or discharge shall be granted to any corporation or joint-stock company, or to any person or officer or member thereof.   14 Stat. 535.

Nine overdue promissory notes executed by the corporation defendants were held by the corporation plaintiffs, amounting to the sum of $5,266.94; and they instituted the present suit in the Supreme Court of the State to recover the amount.

Service being made, the defendants appeared, and set up as a defence in their answer, that they, the defendants, had on their own application been declared bankrupt, and that the plaintiffs had proved the claim in suit in the bankrupt proceedings, and had been paid a dividend on the same, and that they were thereby prevented under the Bankrupt Act from recovering the claim or any part of the same in a subsequent action.

Issue being joined, the parties went to trial; and, the bankrupt proceedings having been introduced in evidence, the defendants moved the court to dismiss the suit, insisting that the plaintiffs, having proved the claim in the bankrupt proceedings and received a dividend on the same, had waived the cause of action; but the presiding justice denied the motion, and directed the jury to render a verdict in favor of the plaintiffs for the balance due on the notes.   Exceptions were duly filed by the defendants, and they appealed to the general term, where the judgment was affirmed; the court holding that the bankrupt court had no jurisdiction to adjudge the defendant corporation bankrupt, and that the proceedings in bankruptcy were void. *Brass and Copper Company* v. *Lamp Chimney Company*, 64 Barb. 436.

Still dissatisfied, the defendants appealed to the Court of Appeals of the State, where the parties were again fully heard; and the Court of Appeals affirmed the judgment rendered by the court sitting in general term, holding that the decree of the Bankrupt Court adjudging the defendant corporation bankrupt, and the subsequent proceedings in pursuance of the same, did not have the effect to discharge the corporation from the claim in suit beyond the amount paid to the plaintiffs as dividends, even though the claim was proved by the plaintiffs in the bankrupt proceedings. *Same* v. *Same*, 53 N.Y. 124.

Sufficient appears to show that the defendants are a manufacturing corporation organized under the law of the State, which authorizes three persons to form such a corporation, and requires that the trustees shall be stockholders of the company. Sess. Laws (1848), ch. 40, p. 54.

Nothing being alleged to the contrary, it must be assumed that the corporation was duly organized. It appears that a meeting of the trustees was duly called and notified to inquire into the condition of the affairs of the corporation; that the meeting was regularly held, and, it having been ascertained to the satisfaction of the meeting that the corporation was insolvent, it was voted and resolved, by a majority of the trustees present, that the president of the company be required to file a petition in the District Court that the corporation may be adjudged bankrupt. Such a petition was accordingly filed; and, if the president of the company was duly authorized to sign and file it, the plaintiffs do not deny that the bankrupt proceedings were regular.

Two objections are taken to the jurisdiction of the Bankrupt Court, which, in point of fact, involve the same considerations. They are, that the majority of the stockholders did not sign the petition filed in the District Court, and that the president of the corporation was not authorized to sign it; which is a mere inference from the fact that the meeting, when the vote and resolution were adopted, was a regular meeting of the trustees: but inasmuch as the statute of the State requires that the trustees shall be stockholders, and no objection is made to the organization of the company, it may well be presumed that the trustees were stockholders as required by law.

As before remarked, three persons may form such a corpora-
tion. The record shows that a majority of the trustees pres-
ent adopted the vote and resolution, which necessarily implies
that a minority did not concur; and if not, then certainly there
must have been three or more present. The record does not
show that the whole capital stock of the company is not owned
by three persons.

Viewed in the light of these suggestions, it follows that the
want of jurisdiction in the Bankrupt Court is not clearly shown,
and that the case is plainly one where every presumption should
be that the action of the court was rightful.

Due notice, it is conceded, was given to all concerned, and
that the defendants appeared in the Bankrupt Court, and that
they never made any objection to the jurisdiction of the court;
and, in view of these circumstances, the rule is that every pre-
sumption is in favor of the legal character of the proceedings.
*Voorhees* v. *Bank*, 10 Pet. 473.

Concede that, still it is said that courts created by statute
cannot have jurisdiction beyond what the statute confers;
which is true: but no such question arises in the case before
the court, as all concede that the District Court had jurisdic-
tion of the subject-matter, and that the defendants appeared,
and claimed and exercised every right which the Bankrupt Act
confers. They are, therefore, estopped to deny the jurisdiction
of the court; nor are the plaintiffs in any better condition, un-
less it appears that the bankrupt proceedings are actually void.
Void proceedings, of course, bind no one not estopped to set up
the objection; and, in order to establish the theory that the
proceedings in this case are void, the plaintiffs deny that the
president of the corporation was authorized to make and file
the petition in the District Court. *McCormick* v. *Pickering*,
4 Comst. 279.

Such a petition might properly be made by the president of
the company, and be by him presented to the District Court,
if he was thereto duly authorized at a legal meeting called for
the purpose by a vote of a majority of the corporators; and
whether he was so authorized or not was a question of fact to
be dete mined by the District Court to which the petition was
presented; and the rule in such cases is, that if there be a total

defect of evidence to prove the essential fact, and the court find it without proof, the action of the court is void; but when the proof exhibited has a legal tendency to show a case of jurisdiction, then, although the proof may be slight and inconclusive, the action of the court will be valid until it is set aside by a direct proceeding for that purpose. Nor is the distinction unsubstantial, as in the one case the court acts without authority, and the action of the court is void; but in the other the court only errs in judgment upon a question properly before the court for adjudication, and of course the order or decree of the court is only voidable. *Staples.* v. *Fairchild*, 3 Comst. 46; *Miller* v. *Brinkerhoff*, 4 Den. 119; *Voorhees* v. *Bank*, 10 Pet. 473; *Kinnier* v. *Same*, 45 N. Y. 539.

Jurisdiction is certainly conferred upon the District Court in such a case, if the petition presented sets forth the required facts expressly or by necessary implication, and the court, upon proof of service thereof, finds the facts set forth in the petition to be true; and it is equally certain that the District Court has jurisdiction of " all acts, matters, and things ".to be done under and in virtue of the bankruptcy until the final distribution, and settlement of the estate of the bankrupt and the close of the bankrupt proceedings. 14 Stat. 518.

Power, it is true, is vested in the circuit courts in certain cases to revise the doings of the district courts, and in certain other cases an appeal is allowed from the District Court to the Circuit Court; but it is a sufficient answer to every suggestion of that sort that no attempt was made in the case to seek a revision of the decree in any other tribunal. Nothing of the kind is suggested, nor can it be, as the record shows a regular decree unreversed and in full force.

Grant that, and still the proposition is submitted that the decree was rendered without jurisdiction, for the reason assigned; and that that question is open to the defendants, even though the decree was introduced as collateral evidence in a suit at law or in equity in another jurisdiction. But the court here is entirely of a different opinion, as the district courts are created by an act of Congress which confers and defines their jurisdiction; from which it follows that their decrees rendered in pursuance of the power conferred are entitled in every

other court to the same force and effect as the judgments or decrees of any domestic tribunal, so long as they remain unreversed and are not annulled. *Shawhan* v. *Merritt*, 7 How. 643; *Huff* v. *Hutchinson*, 14 id. 588; *Parker* v. *Danforth*, 16 Mass. 299; *Pecks* v. *Barnum*, 24 Vt. 76; 2 Smith's Lead. Cas. (7th ed.) 814.

Judgments or decrees rendered in the district courts may be impeached for the purpose of showing that the particular judgment or decree was procured for the purpose of avoiding the effect and due operation of the Bankrupt Act, and competent evidence is admissible for that intent and purpose; but the judgment or decree of the District Court, in a case like the present, is no more liable to collateral impeachment, except to show that it was designed to prevent the equal distribution of the debtor's estate, than it is to such impeachment in the court where it was rendered. *Palmer* v. *Preston*, 45 Vt. 159; *Miller* v. *U. S.*, 11 Wall. 300.

Authority to establish uniform laws upon the subject of bankruptcy is conferred upon Congress; and, Congress having made such provision in pursuance of the Constitution, the jurisdiction conferred becomes exclusive throughout the United States. By the act of Congress, the jurisdiction to adjudge such insolvent corporations as are described in the thirty-seventh section of the act to be bankrupts is vested in the district courts; and it follows that such a decree is entitled to the same verity, and is no more liable to be impeached collaterally than the decree of any other court possessing general jurisdiction; which of itself shows that the case before the court is controlled by the general rule, that where it appears that the court had jurisdiction of the subject-matter, and that process was duly served or an appearance duly entered, the judgment or decree is conclusive, and is not open to any inquiry upon the merits. 2 Smith's Lead. Cas. (7th ed.) 622; Freeman on Judgments (2d ed.), sect. 606; *Hampton* v. *McConnel*, 3 Wheat. 234; *Gelston* v. *Hoyt*, id. 312; *Slocum* v. *Mayberry*, 2 id. 10; *Nations* v. *Johnson*, 24 How. 203; *D'Arcy* v. *Ketcham*, 11 id. 166; *Webster* v. *Reid*, id. 437.

Such a decree adjudging a corporation bankrupt is in the nature of a decree *in rem*, as respects the *status* of the cor-

poration; and, if the court rendering it has jurisdiction, it can only be assailed by a direct proceeding in a competent court, unless it appears that the decree is void in form, or that due notice of the petition was never given. *Way* v. *How*, 10 Mass. 503; *Ex parte Wieland*, Law Rep. 8 Chan. App. 489; *Ocean Bank* v. *Olcott*, 46 N.Y. 15; *Revell* v. *Blake*, Law Rep. 7 C. P. 308.

Suppose that is so: then it is insisted by the defendants that the case before the court is controlled by the twenty-first section of the Bankrupt Act, which, among other things, provides that no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt, &c. 14 Stat. 526.

Debtors, other than corporations and joint-stock companies, are certainly within that provision; and if corporations are also within it, then it follows that the judgment must be reversed, as the plaintiffs are not entitled to recover. Instead of that, the plaintiffs deny that corporations or joint-stock companies are within that provision, and insist that the case before the court is controlled by the thirty-seventh section of the Bankrupt Act, which provides that no allowance or discharge shall be granted to any corporation or joint-stock company, or to any person or officer or member thereof; which is the view of the case taken by the Court of Appeals of the State whose judgment is brought into review by the present writ of error. Id. 535; *Brass and Copper Co.* v. *Lamp Chimney Co.*, 53 N. Y. 124.

Difficulties perhaps insurmountable would attend the theory of the plaintiffs if the twenty-first section of the Bankrupt Act stood alone; but it does not stand alone; and, being a part of a general system of statutory regulation, it must be read and applied in connection with every other section appertaining to the same feature of the general system, so that each and every section of the act may, if possible, have their due and conjoint effect without repugnancy or inconsistency.

Statutes must be interpreted according to the intent and meaning of the legislature; and that intention must, if practicable, be collected from the words of the act itself; or, if the language is ambiguous, it may be collected from other acts *in*

*pari materia*, in connection with the words, and sometimes from the cause or necessity of the statute : but where the language of the act is unambiguous and explicit, courts are bound to seek for the intention of the legislature in the words of the act itself, and they are not at liberty to suppose that the legislature intended any thing different from what their language imports. Potter's Dwarris, 146.

Words and phrases are often found in different provisions of the same statute, which, if taken literally, without any qualification, would be inconsistent, and sometimes repugnant, when, by a reasonable interpretation, — as by qualifying both, or by restricting one and giving to the other a liberal construction, — all become harmonious, and the whole difficulty disappears; and in such a case the rule is, that repugnancy should, if practicable, be avoided, and that, if the natural import of the words contained in the respective provisions tends to establish such a result, the case is one where a resort may be had to construction for the purpose of reconciling the inconsistency, unless it appears that the difficulty cannot be overcome without doing violence to the language of the law-maker.

Sect. 21, if taken literally, would require that the whole claim of every creditor proving his claim, who is included within its operation, should be for ever discharged; but the thirty-third section of the act provides that no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in a fiduciary character, shall be discharged under the Bankrupt Act. Such debts may be proved, and the provision is that the dividend shall be a payment on account of the debt; but it is incorrect to suppose that the creditor, by proving such a debt, waives " all right of action and suit against the bankrupt." On the contrary, it is well settled that no consequences can be allowed to flow from proving a debt which are inconsistent with the provisions of sect. 33. *Ex parte Robinson*, 6 Blatch. 253 ; *In re Rosenberg*, 2 N. B. R. 81.

Where the bankrupt has in all things conformed to his duty under the Bankrupt Act, he is entitled to receive a discharge; and the thirty-fourth section provides that a discharge duly granted shall, with the exceptions specified in the preceding

section, release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved against his estate in bankruptcy.

Debts due to the United States are not enumerated in the exceptions contained in sect. 33; but all admit that such debts may be proved in the bankrupt proceedings; and yet it is settled law that the certificate of discharge does not release any debt which the bankrupt owes to the United States. *United States* v. *Herron*, 20 Wall. 253.

Other examples of the kind might be referred to where it has become necessary to qualify, restrict, or limit certain provisions of the Bankrupt Act, in order to reconcile seeming incongruities and inconsistencies; but those mentioned will be sufficient for the present investigation.

Beyond all question, corporations of the kind and joint-stock companies are brought within the provisions of the Bankrupt Act by the thirty-seventh section; and the whole administrative proceedings in respect to such bankrupt corporations and joint-stock companies are specifically regulated by that section as a separate feature of the bankruptcy system. Much of the system applicable to such corporations and companies, it is true, is borrowed by general phrases from the other sections of the same act; but only such portions of the same as are expressly or impliedly adopted by that section are applicable to such corporations and companies, as clearly appears from the distinct features of the regulations prescribed, which are as follows:—

(1.) That the officer signing the petition for voluntary bankruptcy must be duly authorized by a vote of the majority of the corporators at a legal meeting called for the purpose. (2.) That the petition for involuntary bankruptcy may be made and presented by any creditor or creditors in the manner provided in respect to debtors, without any specification as to the number of the creditors or the amount of their debts. (3.) That the like proceedings shall be had and taken as provided in the case of debtors. (4.) That all the provisions in the act which apply to the debtor, or set forth his duties in regard to furnishing schedules and inventories, executing papers, submitting to examination, disclosing, making over, secreting. concealing, conveying, assigning, or paying away his money or property, shall

in like manner, and with like force, effect, and penalties, apply to each and every officer of such corporation or company in relation to the same matters concerning the corporation or company, and the money and property thereof.   (5.) That all payments, conveyances, and assignments declared fraudulent and void by the act, when made by a debtor, shall in like manner, and to the like extent, and with like remedies, be fraudulent and void when made by a corporation or company.   (6.) That no allowance or discharge shall be granted to any corporation or joint-stock company, or to any person or officer or member thereof.   (7.) That all the property and assets of any corporation declared bankrupt by proceedings under the Bankrupt Act shall be distributed to the creditors of the corporation in the manner therein provided in respect to natural persons. 14 Stat. 535.

Special regulations in respect to petitions are enacted by sect. 37 of the Bankrupt Act, where the insolvent is a corporation or joint-stock company, different from those prescribed in cases where the insolvent party is a natural person or partnership.   But, subject to the exception that no allowance or discharge shall be granted to any such corporation or joint-stock company, all of the administrative proceedings are to be the same as in case of bankrupt individuals, not because corporations are within the words of the other provisions of the Bankrupt Act, but because the thirty-seventh section of the act provides that the provisions of the act shall apply to such corporations and joint-stock companies; and it appears that all the administrative proceedings, with that exception, are required to be in conformity to the regulations prescribed in respect to individual bankrupt debtors.

By the terms of the section, corporations adjudged bankrupt are also made subject to the same duties as individual bankrupt debtors in regard to all the matters therein specified; but the emphatic exception to all those general regulations is that no allowance or discharge shall be granted to any corporation or joint-stock company, or to any person, officer, or member thereof.

Examined in the light of these suggestions, it is as clear as any thing dependent upon the construction of a statute well

can be, that Congress, in giving jurisdiction to the district courts to adjudge moneyed, business, and commercial corporations and joint-stock companies bankrupt, never intended to adopt the introductory paragraph of sect. 21 or sect. 32 as applicable to such corporations or companies. Neither corporations of the kind nor joint-stock companies are within the words of either of those sections; and it is equally clear that nothing is contained in sect. 37 to support such a conclusion; from which it follows that the claim of the plaintiffs, beyond the amount received as dividends, is not discharged by the proceedings in bankruptcy.

Good and sufficient reasons may be given for granting a discharge from prior indebtedness to individual bankrupts which do not exist in the case of corporations, and equally good and sufficient reasons may be given for withholding such a discharge from corporations which do not in any sense apply to individual bankrupts. Certificates of discharge are granted to the individual bankrupt " to free his faculties from the clog of his indebtedness," and to encourage him to start again in the business pursuits of life with fresh hope and energy, unfettered with past misfortunes, or with the consequences of antecedent improvidence, mismanagement, or rashness.

Many corporations, it is known, are formed under laws which affix to the several stockholders an individual liability to a greater or less extent for the debts of the corporation, which, in case certain steps are taken by the creditors, become in the end the debts of the stockholders. Such a liability does not, in most cases, attach to the stockholder until the corporation fails to fulfil its contract, nor in some cases until judgment is recovered against the corporation, and execution issued, and return made of *nulla bona*. Stockholders could not be held liable in such a case if the corporation is discharged, nor could the creditor recover judgment against the corporation as a necessary preliminary step to the stockholder's individual liability.

Consequences such as these were never contemplated by Congress; and the fact that they would flow from the theory of the defendants, if adopted, goes very far to show that the theory itself is unfounded and unsound. Instances of such

individual liability are not rare; and it appears that the law under which the defendants were organized makes the several stockholders individually liable to the creditors of the company, in an amount equal to the amount of their stock, for all debts and contracts of the company, until the whole amount of the capital stock is subscribed and paid. Sess. Laws of N. Y. 1848, p. 56, sect. 10.

Bankrupts other than corporations or joint-stock companies, if they have conformed in all things to their duty under the Bankrupt Act, are entitled to receive a certificate of discharge; and the provision is that such certificate shall operate to discharge such a bankrupt from all debts and claims which by said act are made provable against his estate, subject, of course, to the exceptions described in the thirty-third section of the same act. *Bennett* v. *Goldthwait*, 109 Mass. 494; *Wilson* v. *Capuro*, 41 Cal. 545; *In re Wright*, 36 How. Pr. 174.

Since this litigation was commenced, Congress has amended the twenty-first section of the Bankrupt Act, and provided that where a discharge has been refused, or the proceedings have been determined without a discharge, a creditor proving his debt or claim shall not be held to have waived his right of action or suit against the bankrupt. 18 Stat. 179.

Comment upon that provision is unnecessary, as it clearly appears that the unamended act did not discharge the claim of the plaintiffs.          *Judgment affirmed.*