DETROIT (HOLLINGSWORTH v.). See Case No. 6,613.

DETROIT (PHILLIPS v.). See Cases Nos. 11,100 and 11,101.

·DETROIT & C. STEAM NAV. CO. (NEW ENGLAND INS. CO. v.). See Case No. 10,154.

## Case No. 3,833.

### In re DETROIT CAR WORKS.

[14 N. B. R. 243; 3 N. Y. Wkly. Dig. 140.] [1]

District Court, E. D. Michigan. April 12, 1876.

INVOLUNTARY BANKRUPTCY—CORPORATIONS.

Since the amended act of June 22, 1874 [18 Stat. 178], a corporation can no longer be subjected to compulsory bankruptcy upon the petition of a single creditor. ·

This was a reference to a register to inquire and report whether one-fourth in number and one-third in amount of the creditors of the Detroit Car Works, a corporation, had petitioned for the adjudication of the corporation as bankrupt. On the hearing before. the register, counsel for petitioning creditors insisted that a corporation, having committed an act of bankruptcy, could be adjudged bankrupt on the petition of·a single creditor. Proofs were taken, and the case argued on all the points involved in the questions referred. But the consideration of the proofs submitted was arrested, and the case certified back into court for determination of the question above stated, as to the right of a single creditor, in a petition for compulsory bankruptcy against a corporation. The reasons for this appear in the following extract from the opinion of the register (Hovey K. ·Clarke):

Pending the consideration of these questions, the report of the case of New Lamp ·Chimney Co. v. Ansonia Brass & Copper Co. [91 U. S. 656], decided by the supreme court at the present term, came to my attention. The opinion was delivered by Clifford, J., in the course of which he holds that "the whole administrative proceedings, in respect to bankrupt corporations. are specifically regulated by section 37 [Act 1867; 14 Stat. 535]-- Rev. St. § 5122—as a separate feature of the bankruptcy system;" and "that the petition for involuntary bankruptcy may be made and presented by any creditor or creditors, in the manner provided in respect to debtors, without any specification as to the number of creditors or the amount of debts." I do not overlook the fact that the section of the act which the court thus construes was section 37 before the amendment of June, 1874; but section 5122, in the revision, must have the same effect, exclusive of section 5021 (for it remains substantially unaltered), as section 37 of the original act had of section 39. But this effect is not left to inference. The court

expressly says that section 37 enacts "special regulations," when the insolvent is a corporation or joint-stock company, different from those prescribed in cases where the insolvent party is a natural person or a partnership; and one of those differences has already been pointed out to be that a petition for the involuntary adjudication of a corporation as bankrupt, may be filed "without any specification as to the number of creditors or the amount of their debts."

As I understand this opinion, it fully affirms the position taken by counsel for the petitioning creditors, that an insolvent corporation, having committed an act of bankruptcy, may be adjudged bankrupt on the petition of a single creditor; and, if so, the determination of the other questions is unnecessary to establish the right of the petitioning creditors to an order adjudging the said corporation bankrupt. Under these circumstances, this decision of the supreme court having transpired since the reference in this case was ordered, I may properly regard myself as discharged from proceeding further with the inquiry I am directed to make, as the principal question, one that includes all the others (so far as the object of this inquiry is concerned), has been settled by the court of last resort.

BROWN, District Judge. Reference of this case was made to the register upon the theory, adopted at the time by both counsel, that the same proportion of creditors was requisite to subject a corporation to involuntary bankruptcy as in the case of natural persons. Pending the reference, however, the attention of.the register was called to the recent case of New Lamp Chimney Co. v. Ansonia Brass.& Copper Co. [91 U. S. 656], in which it was suggested that the proceedings against corporations are specifically regulated by section 37 as a separate feature of the bankrupt system, and that a petition might be presented by any creditor, without specification as to the number and amount. Section 37 of the original act enacted "that the provisions of this act shall apply to all moneyed, business or commercial corporations and joint-stock companies; and that upon the petition of any officer of any such corporation or company, duly authorized by a vote of a majority of the corporators, at any legal meeting called for the purpose, or upon the petition of any creditor or creditors of such corporation or company, made and presented in the manner hereinafter provided in respect to debtors, the like proceedings shall be had and taken as are hereinafter provided in the case of debtors." A further clause of the same section subjects corporations to the ordinary provisions of the bankrupt act, with the single exception that "no allowance or discharge shall be granted to any corporation or joint-stock company, or to any person, or officer, or member thereof." This section appears in the Revised Statutes as section 5122, with a single alteration, made

by erasing the words "or creditors," in speaking of proceedings in compulsory bankruptcy. I do not regard this change as material, as the word "creditor" would include a single or any number of creditors, nothing appearing to the contrary. Indeed, it is not easy to see why the entire clause, first above quoted from section 37, is not surplusage, except so far as it requires a vote of stockholders to authorize a voluntary proceeding. By section 48 of the original act (Rev. St. § 5013), the word "person" shall also include "corporation." This definition would of itself subject corporations as persons to the involuntary proceedings contemplated in section 39; so that when section 37 declares that the provisions of the act shall apply to all corporations, it only declares a little more definitely what would be inferred from sections 39 and 48. The subsequent words, "upon the petition of any officer duly authorized by a vote of a majority of the corporators at any legal meeting called for the purpose," merely prescribe the manner in which corporations may voluntarily become bankrupt; and the remaining words are substantially a re-enactment of like clauses in section 39. I regard the entire clause as meaning little more than that corporations may become voluntarily bankrupt upon the petition of a majority of the stockholders, and may be subjected to proceedings in compulsory bankruptcy like any other debtor. By section 12 of the amended act, a debtor could only be adjudged a bankrupt upon the petition of a certain proportion of his creditors, and the provisions of this section were applied "to all cases of compulsory or involuntary bankruptcy commenced since December 1, 1873, as well as those commenced" thereafter; and in all cases commenced since that date, the court shall, if the allegation as to number and amount be denied, proceed to ascertain the same. There can be no doubt that were it not for the first clause of section 37 (Rev. St. 5122) this would be held to include corporations as well as natural persons. It is insisted, however, that as section 12 of the amended act refers by name only to section 39 of the original act, it cannot be extended by construction to section 37; that this remains unaltered, and that corporations may still be adjudicated upon the petition of a single creditor. It seems to me, however, that corporations fall within the scope of the amended act. It was passed during a period of great financial depression, and its object was to aid debtors somewhat in their struggles to maintain their credit and prevent their being thrown into bankruptcy, unless, in the opinion of a fair proportion of their creditors, such action seemed desirable. Under the act, as it formerly stood, the suspension of payment of a single piece of commercial paper, for more than fourteen days, enabled any ill-willed creditor to seize the entire property of his debtor, and put it into the hands of an assignee. Such proceedings might be very proper in the ordinary financial state of the country, but, in periods of business depression, are capable of being used as an engine of gross injustice. No distinction is perceived in this regard between corporations and natural persons. Indeed, the fact that corporations can obtain no discharge, and that proceedings in bankruptcy amount to a practical extinction, would seem to entitle them to even greater indulgence than natural persons. Counsel rely upon a recent decision of the supreme court, in the case above cited, of New Lamp Chimney Co. v. Ansonia Brass & Copper Co. [supra]. This was an action, by a creditor of a corporation, who had proved his claim and received a dividend, to recover the residue. Defendant insisted that the case was controlled by the 21st section, providing that no creditor, proving his debt, should be allowed to maintain a suit against the bankrupt therefor, but should be deemed to have waived all right of action. The court held, however, that inasmuch as, by the 37th section, no discharge can be granted to a corporation, such suit might be maintained. The court observed, incidentally, that the whole administrative proceedings, in respect to bankrupt corporations, are specifically regulated, by section 37, as a separate feature of the bankrupt system; and, in illustration of this, enumerated as one of its distinct features, the fact that the petition may be made by any creditor or creditors, without any specification as to the number of creditors or the amount of their debts. The point, however, was not raised or argued in the case, and the remark seems to have been thrown out merely by way of suggestion or illustration. I do not regard it as an adjudication of the question binding upon this court. The effect of the amendment, however, was directly considered by the district court of Oregon, in the Case of the Oregon Bulletin Printing & Publishing Company [Case No. 10,558], where it was held that section 12 of the amended act, in relation to the number and amount of creditors, did not apply to corporations. The learned judge seems to lay stress upon the fact that the amended act of 1874 was passed upon the same day as section 5122 of the Revised Statutes; that they should be considered as cotemporaneous acts; that effect should be given to them as such; and that as section 5122 contemplates proceedings by a single creditor of a corporation, it should not be considered as modified by section 12 of the amended act. I do not regard this, however, as material, but, under section 5601, should regard the amended act as having the force of a later act, even if enacted a month before the Revised Statutes. This section provides that all acts passed after December 1st, 1873, are to have full effect, as if passed after the enactment of the Revised Statutes, and, so far as they may conflict with the Revision, are to have effect as subsequent acts, and as repealing any portion of the revision inconsistent therewith. The view taken of the law by Judge Dillon, in the

Case of the Leavenworth Savings Bank [Case No. 8,165], seems to me the sounder and more correct one. More extended discussion would result in a mere reiteration of the arguments there used. The question certified must be answered in the negative.