Mr. Justice GRIER
 

 delivered the opinion of the court.
 

 Perry Wherritt, as assignee of Benjamin'Brandon, a bankrupt, filed his bill in equity in. the District Court of the United States for- Kentucky, setting forth that, on regular, proceédings ip said court, Brandon was deemed and held to be a merchant and trader, within the bankrupt act, and found to have committed acts of bankruptcy by making á fraudulent transfer of his property, and by secreting himself to avoid the service of legal process, and was, therefore, decreed a bankrupt, on the 22d Of November, 1842; that the complainant was duly .appointed his assignee; that, on the 6th of April, 1842, Brandon had made a fraudulent deed of trust of' all his property to William A. Withers; that John L. Shawhan and others, the defendants and appellants, with a full knowledge of the acts of bankruptcy, filed their bill in chancery in the Harrison Circuit Court of Kentucky, against Brandon, Withers, and others, charging that the said deed of tjust was fraudulent and void ; that the court decreed that the defed was void, and ordered the property to be sold for the benefit of Shawhan and the other creditors who had joined in the bill; that, since the decree in bankruptcy, the State court had proceeded to sell the real and personal estate of said
 
 Brandon;
 
 that Shawhan had purchased a tract of land belonging to Brandon, of 350 acres, of which the complainant had possession, whereby he was prevented from disposing of said land for a fair price; and praying that
 
 *642
 
 Shawhan might he compelled to surrender and cancel his claim, and for all such equitable relief, general and special, as the merits of the case may require, &c.
 

 The answer of Shawhan. admits the execution by Brandon of the deed of the 6th of April, 1842, but denies that he had committed any acts of bankruptcy. It admits, also, the proceedings by himself in the State court to set aside the deed as fraudulent, and the decree'and sale as stated in the bill. He insists that by said proceedings he had acquired a lien on the property, which could not be impaired by the proceedings in bankruptcy, and that the proceedings in the State, court, having been commenced, before those in bankruptcy, could not be affected by them, &c.
 

 ' On the hearing of this cause at June lerm, 1844, before the District Court, “ the complainant prayed as specific relief as to the mot able property which was of said Brandon at the time he became bankrupt, and which the defendants afterwards caused to be sold under the decree of the Bourbon Circuit Court,- that the defendants be adjudged to pay the amount of said sales ”; and the court referred it to a master to report the amount of the sales of personal property, and afterwards decreed,
 
 “
 
 that the complainant was invested with all the estate which was of said Brandon at the time he became bankrupt, and that defendants did not, by’their after-commenced suit and proceedings therein had, (with .notice of his act of-bankruptcy,) obtain a right to haye it thereby subjected exclusively or first to the satisfaction of their demands; - and that the defendants, John L. Shawhan, &c., by the subsequent sales 'of the movable property by them so caused, did become, on_ the demand of the complainant here made, and are, each of them, liable for their proper portion. of the proceeds thereof, whereof they thus wrongfully obtained the benefit, and must pay the same, together with interest, to the complainant, for the purpose of equal distribution as required by the statute;. and that the sale of the land so afterwards caused by the defendants, was wrongful, and-assailed here by the complainant, was and is ineffectual, and did not invest the defendant, John L. Shawhan, the-purchaser, "with the right thereto, in opposition to the title which had previously passed by decree of bankruptcy of its holder so declared, and was vested in the assignee so appointed,” &c., &e. It was adjudged and decreed, also, that Shaw-han should release all his title in the land to the complainant, and the defendants severally pay over to the plaintiff the money received by each of them from the proceeds of the personal property.
 

 From this decree the defendants appealed to the Circuit
 
 *643
 
 Court of the United States for the District of Kentucky, where the decree of the District Court was affirmed, and the defendants then prosecuted their appeal to this court.
 

 Of the numerous objections to the decree taken on the argument, it will be necessary to notice but two, being those chiefly relied' on by the counsel for the appellants.
 

 1. That the decree in bankruptcy wafe not evidence, as against the defendants, who were no parties to it, either that there was a debt due to the petitioning creditor, or that Brandon was a paerchant or trader within the meaning of the bankrupt act, or that he had committed an act of bankruptcy. It is a sufficient answer to this objection, —- 1st. That the thirteenth section of the bankrupt act declares, that “the proceedings in all cases of bankruptcy shall be deemed matters of record.” 2d. Both parties admit the deed made by Brandon, on the 6th of April,- was fraudulent, and the first section of the bankrupt act declares the execution of such a deed an act of bankruptcy. 3d. The record before us shows sufficiently that he was a merchant or trader, and therefore liable to be declared a bankrupt. The District Court had, therefore, plenary and ex-r elusive jurisdiction of the subject-matter. 4th. The public notice required by the act having been given, the creditors must be treated as having notice of the proceedings, and an 'opportunity to make their objections to them, and having neglected or refused so to do, they plight not to be allowed to impeach them collaterally, as they are, in the nature of a proceeding
 
 in rem,
 
 before a court of record having jurisdiction. 5th. Even if the record in the bankrupt court be not conclusive as against the defendants, it is at least
 
 prima.fade
 
 evidence that all facts necessary to sustain the decree were proved before the court; and lastly, the record of this case shows sufficient evidence to sustain the decree on all points. Besides, the third section of the act declares, that “all the property, &c., of every bankrupt, (except as hereinafter provided,) who shall by a decree of the proper court be declared to be a bankrupt within this act, shall, by mere operation of law,
 
 ipsó facto,
 
 from the time of such decree, be deemed to be divested out of such bankrupt, without any other act, assignment, or other conveyance whatsoever; and the same shall be vested by force of the same decree in such assignee,” &c. As the court had jurisdiction mf the subject-matter and person of the., bankrupt, the decree is thus made conclusive evidence of the title of the assignee.
 

 The English cases can have no application to this question, as there all proceedings, in bankruptcy are before commissioners, under-a commission issued out of chancery, and the commissioners are not a court of record.
 

 
 *644
 
 2d. The chief and important question involved in this case is whether the appellants, after an act of bankruptcy of which they had full knowledge, could, by proceeding in a State' court, obtain a valid lien, and seize the property of the bankrupt to the exclusion of his other creditors, or. whether such proceeding be not a fraud on the bankrupt law, and therefore void.
 

 . The appellants in their answer deny their knowledge of the act of bankruptcy, and that the defendant was a.bankrupt before the decree. But this, seems rather a denial of the law than of the fact; for the bill filed by them in the State court alleged that the deed made by Brandon of all his property to a trustee, on the 6th of April, 1842, was fraudulent and void. The first section of the bankrupt act, in enumerating the acts for which a merchant or trader shall be liable to be declared a; bankrupt, by proceedings
 
 in invitum,
 
 mentions the making of “ any fraudulent conveyance, assignment, sale, gift, or other transfer of.his lands, tenements, goods, or chattels,” &c. ■ By their own showing,, therefore, they had knowledge of the fact of bankruptcy. The acts thus enumerated are usually termed acts of bankruptcy, and may be considered as tests of insolvency, showing conclusively the inability of the trader to pay his debts, or carry on his trade. The policy and aim of bankrupt laws are to compel an equal distribution of the' assets of the bankrupt among all his creditors. Hence, when a merchant or trader, by any of these tests of insolvency, has shown his inability to meet his engagements, one creditor cannot, by collusion with him, or by a race of diligence, obtain a preference to the injury of. others. . Such conduct is considered a fraud on the. act, whose aim is to divide the assets equally, ánd therefore equitably. To prevent these frauds, the English bankrupt laws give the title of the assignee a relation back to the act of bankruptcy, so as to avoid all' payments, sales, or contracts made after it. The second section-of our bankrupt act effects the same object, not by establishing the doctrine, of relation in direct terms, but. by declaring all such payments, transfers, &c.,. void, and a fraud on the act, and enabling the assignee to recover the money paid, or property transferred, for the use of the creditors. This section declares fraudulent and void, not only
 
 “
 
 future payments, securities, conveyances. or' transfers of property, or agreements made or given by any bankrupt in contemplation of bankruptcy, and for the purpose of giving a preference or priority to one cre.d7 itor over another,” but that “ all other payments, securities,” &c., “to any person whatever, not being a
 
 bond fide
 
 cieditor or purchaser for a valuable consideration without notice, shall
 
 *645
 
 be deemed utterly void and a-fraud on this act ” ; and the as-signee is authorized to sue. for, and recover mid receive the same, as part of the assets of the bankruptcy.
 

 It avoids, not only payments, securities, &c., made in collusion with a bankrupt in contemplation of bankruptcy, but thpse obtained by a creditor with notice; and it afterwards defines this ■ notice which is the test of fraud or want of
 
 bona jides
 
 in the creditor to be “ notice of a prior act of bankruptcy, or of the intention of the bankrupt to take the benefit of this act.” A creditor may always recover payment of his debt, or security for it, from his debtor, unless he has notice or knowledge that his debtor has committed an act of bankruptcy ; and then he is forbidden to receive payment of his debt, or to obtain any other priority or advantage over the other creditors of the bank- ■ rupt. And if notice- of this fact to the creditor makes a payment by the debtor void, it is obvious that a security or priority gained by suit in a State court after such notice could have no better claim to protection; for notice of the act of bankruptcy to the creditor is the test of the
 
 mala Jides
 
 which vitiates the transaction.
 

 The last proviso of the second section, which saves all
 
 “
 
 liens, mortgages, or other securities on property, which may be valid by the laws of the States respectively,” subjects' them, nevertheless, to this condition; that they shall not “ be inconsistent with the second and fifth sections of the act.” Liens or securities which would be otherwise valid by the State laws, being made void by the second section when obtained after notice of an act of bankruptcy, are, consequently, not saved by this proviso ; but .the property subject to them vests in the assignee discharged from such lien, and ,if the property has been sold under process from a State court, the creditor is liable to refund the money thus received to the assignee of the bankrupt. Having obtained this preference
 
 maid jide,
 
 in fraud of the bankrupt law, he cannot be suffered to retain the fruits of it to the injury of other creditors; otherwise, the whole policy and aim of the law would be-frustrated.
 

 We are of opinion, therefore, that the lien obtained by Shaw-han upon the property of Brandon by his proceedings in the State court, after notice of the act of bankruptcy, was not saved or protected by the proviso to the second section of the act, and that he and the other appellants, who had appropriated the assets of the bankrupt to their own use, are liable to refund the same to the assignee in this suit; and that the decree of the Circuit Court of the United -States for. the District of Kentucky should be affirmed.
 

 
 *646
 

 Order.
 

 This cause came on to be heard on the transcript of- the . record of the Circuit Gourt of the United States for the District of Kentucky, and 'was argued by counsel. On consideration whereof, it is now here ordered and decreed by this court, that the decree of the said Circuit Court in this cause be and the same is hereby affirmed.with costs.