## W. J. DULANEY, use, etc. v. R. L. RANKIN, et al.

1. NEW TRIALS—HISTORY OF.—Originally, in England new trials were not allowed except for matters appearing of record. The first innovation upon this practice was in Slade's case, Style, 138, in which the judge certified that the verdict was against his opinion. From this time the courts relaxed the ancient rule ; the remedy by attaint of the jury fell into disuse; the courts exercised a discretion in setting aside verdicts whenever in their opinion against justice and conscience; and finally that which was at first a discretion, became, in the course of experience, capable of being classified into well-defined rules.

2. NEW TRIAL—DISCRETION.—There are, however,some cases in which the granting or refusal of a new trial still rests largely in discretion, and more especially in the discretion of the judge before whom the jury trial was had; such as where there is excessive or diminished damages, and in cases of perjury, and the means of exposure not readily at hand, etc.

3. NEW TRIAL AND SECOND VERDICT—PRESUMPTION—PRACTICE.—Upon exception to an order granting a new trial, and when the second verdict is adverse to the plaintiff in error, and no motion made to set it aside, and no bill of exceptions embodying the evidence and history of the new trial, the appellate court will presume in favor of the correctness of the last verdict; because the circuit judge may have cured, on the second trial, the supposed errors of the first.

ERROR to the circuit court of Hinds county, 1st district.  BROWN, J.

The only error assigned is the action of the court below in setting aside the verdict and granting a new trial.

*Geo. L. Potter,* for plaintiff in error.

As a judge might err on the one side as on the other, in granting no less than in refusing a new trial, the legislature (Rev. Code of 1857, p. 505, art. 166), gave a right of exception in either case and review in the appellate court.   Moore v. Ayres, 5 S. & M. 310.

*T. J. & F. A. R. Wharton,* for defendants in error,

Insisted upon an affirmance of the judgment of the court below, in opposition to the point raised by counsel for plaintiff in error, citing Wood et al. v. Am. Life Ins. Co., 7 How. 634 ; Dorr et al. v. Watson et al. 28 Miss. 394.

[Those parts of the briefs relating to questions not decided by the court, are omitted.]

SIMRALL, J. :

Upon the first trial of this cause, a verdict was found for the plaintiffs. Upon motion of the defendants the verdict was set aside and a new trial granted. To that decision of the court the defendant excepted, and tendered a bill of exceptions, which was sealed.

Upon the second trial, a verdict was given for the defendants. The case is brought here to revise the judgment displacing the first verdict and awarding a new trial.

Originally, in England, whatever was alleged for cause of new trial, must have appeared of record. The first innovation upon this practice was made in Slade's case, in the common pleas, on the certificate of the judge that the verdict was against his opinion. Style, 138. The other courts soon relaxed the ancient rule, and the remedy by attaint of the jury fell into disuse ; the courts exercising a discretion to set aside verdicts, when in their opinion against conscience and justice. That which in its first exercise was discretion, in the course of experience became defined, and could be classified into rules. Unjust and injurious verdicts were set aside for a great variety of reasons, such as the misconduct of the prevailing party, misbehavior of the jury, surprise on the trial, admission of improper, or exclusion of proper evidence, misdirection of the jury in the law, a finding against law or evidence, for excessive or insufficient damages, newly discovered evidence, etc., etc. Under these and such classifications of the ground upon which the court interferes, discretion has been measurably defined by well defined rules. As a succession of distinctive cases have occurred, admitting the application of the same principle, a precedent has been established for all similar cases, and thus we have a rule.

In Bright v. Eynon, 1 Burr, 394, Lord Mansfield said: "Trials by jury in civil cases could not subsist now without power somewhere to grant new trials. It is absolutely necessary to justice that there should, upon many occasions, be opportuny of reconsidering the cause by new trial."

It is but a reconsideration of the same subject. There are still some cases that rest a good deal in discretion, such as excessive or diminished damages, where there is a strong suspicion of perjury. The means of exposure may not be readily at hand, and the verdict is hard and probably unjust. But such discretion is lodged, so far as it exists, more especially with the judge before whom the trial is had.

A case brought into this court from the decision of the circuit court, granting a new trial, when the second verdict is adverse to the plaintiff in error, and when there wa no motion to set aside the second verdict, and no bill of exceptions, embodying the evidence and history of the trial, stands upon peculiar grounds. The office of the verdict and judgment is to ascertain, and do justice between the parties, in accordance with the law. It is very important, therefore, that this court should have the opportunity of comparing the predicate of facts and law, as presented on the last trial, so as to bring it into comparison with those before the jury on the first, in order to determine whether justice under the law has been done. The presumption would be, that the last verdict was right, unless a bill of exceptions showed that it was wrong.

The judge may award a new trial, because he may have admitted incompetent, or excluded competent testimony, or for a misdirection of the jury. On the second trial he may have cured the supposed errors. If the case is brought here from the last trial, and it appears that the first verdict is right, or wrong, as the court may have erred or not in its rulings on the point, this

would be fully manifested, if we had a bill of excep-
tions containing fully the last trial. In such case, this
court could proceed to adjudicate intelligently between
the parties. Such was the attitude of Wood et al. v.
Insurance Co. 7 How. 627. There the indorsers made
defence on the first trial by impeaching the record of
the notary public who protested and gave the notices.
On the first trial the court admitted the evidence offered
for that purpose. The jury found for the indorsers.
Among the reasons assigned for the new trial, was the
improper admission of this testimony. On the second
trial it was excluded. A bill of exceptions embodying
fully the second trial was signed. The appellate court
was thus in possession of the merits of both trials. If
the circuit court erred in admitting the testimony
impeaching the notarial record, on the first trial, that
verdict ought to have been set aside. If it was com-
petent testimony, the verdict was right. On the sec-
ond trial it was excluded. The appellate court was of
opinion that it was competent testimony, and therefore
the first verdict was right. The court say, here was a
verdict obviously right on the law and evidence, and
it was error to set it aside. In Dow v. Watson, 28
Miss. 395, the verdict was set aside because counsel
were surprised on the trial, as to the contents and effect
of a paper which the other party produced, on motion
so to do. The matter sought for was in another writ-
ing, as they for the first time discovered. On the
second trial a verdict was found for the defendant, at
whose instance the new trial was granted. The
plaintiff made no complaint of this verdict in the cir-
cuit court, took no measures to displace it, or to inform
the appellate court of the facts in evidence. His only
complaint was, that the first verdict ought not to have
been disturbed. The court refer to the verdict on the
second trial, to which the plaintiff made no objection
in the circuit court, as affording " strong reasons " to

vindicate the propriety of setting the first verdict aside, and that justice was thereby ultimately done. The further reasoning is, if a new trial is refused, a "strong case must be shown" before this court will say it is error. And if it be granted, it must be manifest that it was improperly granted, inasmuch as it is not a final decision of the cause. In Wood v. Insurance Co. *supra*, it was "manifest" that the first verdict was right, for it reposed on evidence which fully sustained it. The bill of exceptions taken on the second trial demonstrated the correctness of the first verdict; for that showed that the testimony which supported the first verdict was illegally excluded on the second trial.

In this case the new trial was evidently awarded, because the weight of the testimony was against the verdict. The judge believing that justice had not been done—no rulings seem to have been made in the progress of the trial. In looking into the testimony, we cannot help but see that the preponderance of the testimony, from impartial sources, was with the defendants, and against the verdict. In such circumstances, the second verdict may be pleaded with great force, in favor of the decision of the court awarding a new trial. Especially ought it to avail when the last verdict was not assailed in the circuit court—and this court cannot know, but it was sustained by full, irrefragible and convincing testimony.

*Judgment affirmed.*