## BOWERSOX v. B. M. BEHRENDS BANK.

First Division. Juneau. January 11, 1927.

No. 2604–A.

**1. Pleading ☞355—Argumentative Denials or Admissions.**

Argumentative denials or admissions, in so far as they go beyond the allegations of the complaint, are redundant, superfluous, immaterial, and not properly pleaded, and will be stricken out of the answer on motion.

**2. Bankruptcy ☞200(3)—Attachment—Solvent at Time of Attachment.**

If the bankrupt was solvent at the time of the initiation of the attachment lien on its property, the lien is not dissolved under the provisions of section 67f of the Bankruptcy Act (11 USCA § 107), even though the attachment lien was initiated within four months prior to the filing of the petition in bankruptcy.

**3. Bankruptcy ☞303(1)—Evidence.**

The burden is upon the trustee in bankruptcy to prove all the material allegations of his complaint, among which are the acquirement of the lien by the defendant by legal proceedings; that the same was acquired within four months prior to the filing of the petition in bankruptcy; that the bankrupt was insolvent at the time of the initiation of the lien and adjudication of bankruptcy, etc.

**4. Bankruptcy ☞203—Prior Purchaser without Notice.**

When a purchaser of personal property at a marshal's sale has no notice of any bankruptcy proceedings involving the property prior to its purchase, he would be in the position of a bona fide purchaser, and protected in his title thereto, and he would be subject only to an action by the trustee in bankruptcy for the purchase price.

**5. Bankruptcy ☞391(4)—Trustee may Appear in Suits in Other Courts Involving Bankrupt's Property.**

There is no requirement of law which would compel the trustee in bankruptcy to appear before a trial court, where an action is pending against a bankrupt, to ask for a stay of proceedings

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in said action, and in all cases it might not be to the interest of the trustee to do so. The option to do so is with the trustee in bankruptcy, under the orders of the court in bankruptcy.

**6. Bankruptcy ⬤391(4)—Suits in Other Courts Involving Bankrupt's Property.**

If the person instituting an action against the bankrupt had notice of the bankruptcy proceedings, and continued his proceedings against the bankrupt, with knowledge of the pending bankruptcy proceedings, he would do so at his own peril.

**7. Bankruptcy ⬤100(1)—Judgments—Adjudication of Bankruptcy.**

An adjudication of bankruptcy is a judgment in rem, and is res judicata as to the status of the bankrupt at the time of the adjudication against all the world, but is not res judicata as to the facts, or as to the subsidiary questions of law on which it is based, except as between the parties to the proceedings.

**8. Bankruptcy ⬤100(1)—Courts—Jurisdiction Raised in Foreign Court.**

An attack on the judgment of a court having jurisdiction in bankruptcy, in a collateral proceeding, before a court of foreign jurisdiction, denied. The proper place to raise the question of the jurisdiction of the bankruptcy court was before that court.

**9. Bankruptcy ⬤305—Estoppel—Pleadings.**

Where the defendant claimed an estoppel against the trustee in bankruptcy in a suit by the latter to recover the value of property belonging to the bankrupt estate, converted by judgment sale by the defendant, *held*, if the defendant had no notice of the bankruptcy proceedings, and bought the property in good faith, the remedy of the trustee would be confined to the sale price only; when defendant had notice, he proceeded at his peril.

**10. Bankruptcy ⬤100(1, 2)—Fraud in Initiating Proceedings.**

The plea of fraud in the initiation of bankruptcy proceedings, not appearing on the face of the record, cannot be raised in a foreign court. Even before the bankruptcy court, fraud by a bankrupt in obtaining an adjudication cannot be raised by a creditor to set aside the adjudication in bankruptcy. The doctrine applies with much more force when a creditor raises the question in a collateral proceeding.

This action, brought by the trustee in bankruptcy of the Dobbins Packing Company against the B. M. Behrends Bank, for the value of certain property alleged to have belonged to the estate of the Dobbins Packing Company and converted by the bank, is before me on several motions to strike certain portions of the answer on the ground of immateriality and redundancy, and also on general demurrers as to the sufficiency of the affirmative defenses incorporated in the answer.

⬤See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The motions are directed to the affirmative matter incorporated with the denials of the material part of the complaint, and consist of an attack on six paragraphs, wherein certain matters are pleaded as admissions, or as a plea of affirmative matter, contradicting the allegations of the complaint, in connection with the denials of the same matter. That part of the answer to which objection is made by the motions is long and intricate in its construction, and sets out much unnecessary evidentiary matter, violative of approved rules of pleading.

James Wickersham, of Juneau, and Hewitt & Sox, of Albany, Or., for plaintiff.

R. E. Robertson and H. L. Faulkner, both of Juneau, for defendant.

REED, District Judge. I have carefully considered the answer in connection with the complaint urged by the motions, in view of the arguments of counsel, and have arrived at the following conclusions:

The motion to strike that portion of paragraph 1 of the answer after the word "Oregon" should be granted. It is alleged in the complaint that the Dobbins Packing Company is a corporation, organized under the laws of the state of Oregon, and having its principal office and place of business at Newport, in the state of Oregon. Paragraph 1 of the answer, to which the motion is directed, admits the incorporation of the Dobbins Packing Company under the laws of Oregon, but denies that it had its principal place of business at Newport, in the state of Oregon. Then follows the portion of the paragraph objected to, as follows:

"But, on the contrary, alleges that the principal place of business, and only place where actual operations of said company were conducted at all times after April, 1921, was in the territory of Alaska."

It is evident that this is a superfluous and unnecessary allegation. Under a general denial, it would become necessary, if the allegation in the complaint as to the principal place of business of the Dobbins Packing Company were a material allegation, for the plaintiff to prove that the principal place of business was at Newport, in the state of Oregon, and the defendant could, under its general or special denial,

show that it was not so, by showing that the business of the corporation was carried on elsewhere. This new matter is equivalent to a denial in argumentative form, and is unnecessary, in view of the specific denials of the allegations of the complaint. The motion to strike paragraph 1 will be granted.

The second, third, fourth, fifth, and sixth paragraphs of the motion are to strike parts of paragraphs 5, 6, 7, 8, and 9 of the answer as argumentative, as being neither an admission nor a general or special denial of any allegation of the complaint, as sham, irrelevant, redundant, and repetition of other allegations of the answer. The part of these several paragraphs of the answer moved against consists of so-called admissions; but they are more than mere admissions of allegations of the complaint. Paragraph 5 of the answer consists of a purported admission of paragraph 5 of the complaint, and as such admission proceeds to allege:

"That on November 6, 1924, this defendant duly and regularly commenced and instituted an action in this court, which action was numbered and entitled No. 2436–A, B. M. Behrends Bank, a corporation, v. Dobbins Packing Co., a corporation, for the recovery of certain moneys due from the Dobbins Packing Company to this defendant, and that thereafter a writ and an alias writ of attachment were duly issued out of this court by its clerk and under its seal in said action, directed to the United States marshal," etc.

Then follows, in like detail, a recital of the action of the United States marshal in attaching the property described in the complaint, copies of the writ of attachment being attached as exhibits; the trial of the case upon the complaint and answer, also attached as exhibits; the appearance of the attorneys, the findings of the court, the judgment in favor of the defendant in this action, plaintiff in that action, the taxation of costs, etc. The paragraph then concludes with the allegation that the defendant denies each and every other allegation in said paragraph No. 5 contained. It is to these admissions that the motion is directed.

Paragraph 5 of the complaint alleges that on November 6, 1924, the B. M. Behrends Bank commenced a "pretended" action against the Dobbins Packing Company for the recovery of moneys pretended to be due from the Packing Company, and on November 6, 1924, caused a pretended writ of attachment to issue out of this court, commanding the attach-

ment of the property of the Dobbins Packing Company to satisfy plaintiff's demand, and that the marshal, by virtue of the pretended writ of attachment, attempted to levy and took possession of certain described personal property; that thereafter a pretended judgment was entered in said pretended action in favor of the B. M. Behrends Bank and against the Dobbins Packing Company for the sum of $3,521.06 and costs, taxed at $651.25, and for the sale of the property attached.

It appears that the purported admissions in paragraph 5 of the defendant's answer are more than mere admissions of facts set forth in paragraph 5 of the complaint. Said paragraph sets up in great detail much that has not been alleged in the complaint, and which has no material bearing on the issues in this case. This manner of pleading ought not to be upheld. Counsel for defendant admits that the interpolation of affirmative matter with the denials in an answer is not, in general, good pleading, but affirms that in this instance it should be considered proper, because of the allegation that the action of the bank against the Dobbins Packing Company, in paragraph 5 of the complaint, is designated as a pretended action, the writ of attachment as a pretended writ, the judgment, etc., as pretended, and the levy of the writ as an attempted levy. It is evident that, as used in the complaint, the word "pretended" is used in the sense of falsely claimed, though prima facie valid, and, as far as the main issues in the case are concerned, has no effect.

This is an action, not to test the validity of the judgment or attachment as originally made. Neither the judgment nor the attachment as originally made is attacked. It is sought in this action to show that the lien of the attachment is subordinate to the claim of the trustee, and became dissolved pending adjudication in the attachment. Whether the action originally was a pretended action or not is not in question in this case. The judgment in the case of B. M. Behrends Bank v. Dobbins Packing Company settles the validity of the claim of the bank against the Dobbins Packing Company, and settles the validity of all steps in that action up to the time of the entry of judgment. The terms "pretended judgment" and "pretended writ of attachment," therefore, are instances of bad pleading on the part of the plaintiff, and

merely legal conclusions on the part of the pleader. It appears to me that, if the pleader desired to deny the allegations of the complaint in the respect mentioned, it could easily have been done by the admission of the judgment entry and the steps taken preliminary to judgment in that case, with a denial that the judgment or the steps taken were pretended judgments, etc.

However, the vice in this and other paragraphs of the answer is, first, that it admits more in the way of affirmative allegations than is alleged in the complaint; second, that it sets up a great deal of immaterial evidentiary matter and legal conclusions in connection with its admissions; third, that it incorporates with its denials, as admissions, matters of affirmative defense thereafter pleaded as affirmative defenses; fifth, it is argumentative in form; and, sixth, it alleges affirmative matter as being an admission, and, as such, it cannot be denied in a reply, all of which are not consistent with good pleading. Paragraphs Nos. 6, 7, 8 and 9 of the answer are subject to the same objections as paragraph 5. See Pomeroy on Code Remedies (4th Ed.) pars. 515-523, 566, 567; Woolsey v. Draper, 103 Or. 103, 201 P. 730, 203 P. 582; Loveland v. Warner, 103 Or. 638, 204 P. 622, 206 P. 298; Hubbard v. Olson-Roe Transfer Co., 110 Or. 618, 224 P. 639, and the authorities cited therein.

A practice has become common in this jurisdiction of mixing with denials affirmative matter, constituting an argumentative denial or matter of affirmative defense. This practice is not consonant with good pleading and should be discouraged. The Code provides that the answer of the defendant shall consist, first, of a general or specific denial of each material allegation in the complaint controverted by the defendant; and, second, a statement of any new matter constituting a defense or counterclaim, in ordinary, concise language, without repetition. The admissions in the paragraphs mentioned of the answer, in so far as they go beyond the allegations of the complaint, are redundant, superfluous, and immaterial and not properly pleaded, as they are not capable of being denied in the reply.

The motions to strike will be granted.

The demurrers are to each of the five affirmative defenses, and are all of the same general nature, namely, that the de-

7 A.R.—33

fense designated does not constitute a defense to the action. The first affirmative defense alleges ownership and possession of the property alleged to have been converted in plaintiff's complaint, as having been purchased in good faith under a marshal's sale of the First division of the territory, made by virtue of an execution pursuant to a judgment rendered in cause No. 2436–A of this court, entitled B. M. Behrends Bank v. Dobbins Packing Co., under and pursuant to a writ of attachment issued out of this court, at which time the Dobbins Packing Company was solvent and the owner of all of said property; that all of said property was levied upon and attached, and taken and held in custody, by the said United States marshal from November 7, 1924, until the sale thereof by the said marshal on April 11, 1925. Then follow the allegations of the trial of the action, the findings and judgment, order of sale of the attached property, etc. This defense, in great detail, sets forth the attachment proceedings in the case of the bank against the Dobbins Packing Company, which constitutes, of course, a lien by legal proceedings initiated on November 7, 1924, and, according to the admitted allegations of the answer, within four months prior to the adjudication in bankruptcy of the packing company, but further states, in effect, that at the time of the attachment levy the Dobbins Packing Company was solvent.

If the bankrupt was solvent at the time of the initiation of the attachment lien on its property, the lien is not dissolved under the provisions of section 67f of the Bankruptcy Act (11 USCA § 107), even though the attachment lien was initiated within four months prior to the filing of the petition in bankruptcy. Liberty National Bank v. Bear, 265 U. S. 365, 44 S. Ct. 499, 68 L. Ed. 1057; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770. While I do not deem it necessary to set up this affirmative defense in an action of this nature, for the reason that the burden is upon the trustee in bankruptcy to prove all the material allegations of his complaint, among which are the acquirement of the lien of the defendant by legal proceedings, that the same was acquired within four months prior to the filing of the petition in bankruptcy, that the bankrupt was insolvent at the time of the initiation of the lien and ad-

judication of bankruptcy, etc., nevertheless the allegations of the complaint in this action, that the original action of the B. M. Behrends Bank 'against the Dobbins Packing Company was a pretended action on a pretended claim, and that the attachment levy was a pretended levy or attempted 'levy, allow this affirmative defense to come within the rules of good pleading. The defense, in 'my judgment, is good as against a general demurrer, and the demurrer thereto will be overruled.

The second affirmative defense to which the demurrer is interposed is in the nature of a plea in bar, and alleges in substance the commencement of the attachment proceedings in the case of the bank against the Dobbins Packing Company in November, 1924, the trial thereof in March, 1925, the judgment entry and order of sale and sale under execution on April 11, 1925, and that during the period from 'the initiation of the action on November 6, 1924, to April 11, 1925, 'the day of the sale under execution, neither the Dobbins Packing Company nor the plaintiff trustee set up any affidavit of defense or adjudication or discharge in bankruptcy, nor brought to the notice of the court the petition or adjudication in bankruptcy; nor did they ask for or procure a stay of proceedings, nor take any action until the filing of the complaint in this action, more than a year after the judgment was entered against the Dobbins Packing Company and in favor of the bank, and, more than a year after the adjudication of the packing company as a bankrupt.

It will be noticed that there is no allegation that the defendant bank was not informed of the bankruptcy proceedings, or of the adjudication of the Dobbins Packing Company as a bankrupt, or the claim of the trustee to the property, which is a material allegation of a plea in bar in an action of this nature, if a bar could be claimed. If the defendant herein had no notice of the bankruptcy proceedings prior to the purchase of the property, he would be in the position of a bona fide purchaser, and protected in his title to the property as set up, and he would be subject only to an action by the trustee in bankruptcy for the 'purchase price in the event the other material allegations of the complaint were not proved. I know of no requirement of law which would compel the trustee in bankruptcy to appear before the trial court,

where an action is pending against a bankrupt, to ask for a stay of proceedings in said action, and in all cases it might not be to the interest of the trustee so to do. The option to do so is with the trustee in bankruptcy, under the orders of the court in bankruptcy. If the person instituting the action against the bankrupt had notice of the bankruptcy proceedings, and continued his proceedings against the bankrupt, with knowledge of the pending bankruptcy proceedings, he would do so at his own peril.

I am satisfied that the second defense does not constitute a good plea in bar to the complaint, and the demurrer thereto will be sustained.

The third defense to which a demurrer is interposed, after setting up the proceedings in the case of the bank against the Dobbins Packing Company and final judgment, etc., alleges a want of jurisdiction in this court of the subject-matter of the action or of the person of the defendant. This has been passed upon before by me on demurrer to the complaint. The demurrer will be sustained, for the reasons stated by me in passing on such demurrer.

The fourth affirmative defense demurred to sets up the invalidity of the adjudication of bankruptcy of the Dobbins Packing Company, for the alleged reason that the petitioner in bankruptcy was a voluntary petitioner, and that the petition was initiated by the board of directors, without previous authorization by the stockholders of said Dobbins Packing Company, and alleges a want of jurisdiction of the District Court of Oregon to adjudge the Dobbins Packing Company a bankrupt.

I do not think that, as against a demurrer, this defense can be sustained. It is in the nature of a collateral attack on the adjudication of bankruptcy; that is to say, it is a collateral attack on the status of the bankrupt. As was said in Gratiot State Bank v. Johnson, 249 U. S. 248, 39 S. Ct. 263, 63 L. Ed. 587:

"An adjudication of bankruptcy is a judgment in rem, and is res judicata as to the status of the bankrupt at the time of the adjudication against all the world, but is not res judicata as to the facts, or as to the subsidiary questions of law on which it is based, except as between the parties to the proceeding or their privies."

In Re McCrum, 214 F. 207 (C. C. A. N. Y.), the court uses this language:

"And even in contested proceedings an adjudication is res judicata and conclusive upon those who have not actually taken part in the contest only as to the status of the bankrupt, and not as to the commission of a particular act of bankruptcy, although it be the one alleged in the petition. The rule on this subject is correctly laid down in Remington on Bankruptcy, § 445, where it is stated as follows: 'That the adjudication in bankruptcy, though to be sure it is in a proceeding in rem "binding on the whole world," it is not binding on others than those actually engaged in the litigation except as to the status of the debtor as a bankrupt; that the constructive presence of all creditors does not obtain except as to the subject of the debtor's status; that therefore, except as to parties who have actually litigated the issues, the adjudication in bankruptcy·is not binding in subsequent litigation on the matters of insolvency nor even on the matter of the commission of the very act of bankruptcy on which the adjudication is based; that the doctrine of res adjudicata does not apply, because the subjects of the two proceedings are different; in the proceedings on the bankruptcy petition the subject being the status of the debtor, whilst on subsequent litigation the subject is the property or a debt entitled to share in the property.' "

·In Silvey & Co. v. Tift, 123 Ga. 804, 51 S. E. 748, 1 L. R. A. (N. S.) 386, there is an extensive discussion of the whole subject. The court therein said:

"An adjudication in bankruptcy is in the nature of a proceeding in rem, and the adjudication is in the nature of a decree in rem so far as it fixes the status of the defendant in the proceeding as a bankrupt. Considered in the light of a proceeding in rem, the res involved is the status of the debtor, and the adjudication determines such status to be that of a bankrupt. All persons are bound by the adjudication to that effect; and this was true under the act of 1867 as well as under the act of 1898. If the court rendering the judgment had jurisdiction, such judgment could not be attacked collaterally, but only by a direct proceeding in a competent court, unless it appeared that the decree was void in form or that due notice was not given." Lamp Chimney Co. v. Brass & Copper Co., 91 U. S. 656, 23 L. Ed. 336; Chapman v. Brewer, 114 U. S. 158, 5 S. Ct. 799, 29 L. Ed. 83; Shawham v. Wherritt, 7 How. 627, 12 L. Ed. 847; Hanover National Bank v. Moyses, 186 U. S. 181, 22 S. Ct. 857, 46 L. Ed. 1113.

The position may be further illustrated by considering a voluntary proceeding in bankruptcy. While differing from a proceeding in invitum, the adjudication there as to the status of the bankrupt would also be, to some extent, in the nature of a judgment in rem, so as to show that he was a bankrupt; but certainly it would not be pretended that a person

voluntarily going into bankruptcy could possess himself of property which did not belong to him, or have the title to property claimed by third parties adjudicated to be his, no matter what allegation he might make in his petition or schedule. The adjudication in bankruptcy, therefore, conclusively determined the status of Griffin as a bankrupt, but did not conclude the defendants from making their defense on a suit by the trustee in bankruptcy against them to recover the property. See Remington on Bankruptcy, pp. 525, 526, et seq.

The fourth affirmative defense is an attack on the judgment of a court having jurisdiction in bankruptcy, in a collateral proceeding before a court of foreign jurisdiction. The proper place to raise the question of the jurisdiction of the bankruptcy court was before that court. The demurrer will be sustained to the fourth affirmative defense.

The fifth affirmative defense is in the nature of a plea of estoppel, in that it is alleged that the defendant, at the marshal's sale, pursuant to the judgment and sale in the case of Bank v. Dobbins Packing Company, had purchased the property for the sum of $4,275, and in addition had incurred an expense of $1,250 in preserving the property in the belief, fostered by the defendant, it is alleged, that it did not intend to claim the property, and therefore did not file any claim against the bankrupt in a bankruptcy court, but that after the year allowed by law in which to file the claim of the defendant against the bankrupt in a bankruptcy court, plaintiff instituted this action for the purpose of depriving the defendant from recovering its claim against the Dobbins Packing Company, and its costs and expenses in keeping and preserving the property, and that thereby the defendant has been greatly misled, to its injury. This plea, in the nature of an estoppel in pais, is, in my opinion, not available to the defendant, if it had notice of the proceedings in bankruptcy prior to the sale. If it had no notice of the proceedings in bankruptcy, and bought the property in good faith, the remedy of the plaintiff would be confined to the sale price only. It was the privilege of the defendant to surrender the property bought in and file its claim in bankruptcy, thereby surrendering its preference, if any it had, or it was its privilege to stand on the title acquired in the judgment and sale as being of right after notice of proceedings in bankruptcy. That

there may have been fraud in the initiation of the bankruptcy proceedings, not appearing on the face of the record, cannot be raised in this court. Section 517, Remington on Bankruptcy, and notes. Even before the bankruptcy court, fraud by a bankrupt in obtaining an adjudication cannot be raised by a creditor to set aside the adjudication in bankruptcy. The doctrine applies with much more force when a creditor raises the question in a collateral proceeding.

The demurrer will be sustained as to the fifth affirmative defense.