RICHARD CULLINANE, Trustee, v. STATE BANK OF WAVERLY, Appellant.

Bankruptcy: INSOLVENCY: EVIDENCE. In an action by a trustee in bankruptcy to recover the proceeds of goods sold under e mortgage given by the bankrupt on the ground that the mortgage was a preference, testimony of the referee in bankruptcy respecting the insolvency of the mortgagor was improperly admitted over the objection that he was not a party to the bankruptcy proceeding and not bound thereby.

Bankruptcy: PREFERENCE. In an action to recover goods from a mortgagee of a bankrupt on the theory that the mortgage was a preference, it must appear that the mortgagee had reasonable cause to believe that a preference was intended.

Bankruptcy. PRACTICE AND PROCEDURE. Where a trustee in bankruptcy sought to recover goods from a mortgagee of the bankrupt on the theory that the mortgage was a preference, but the court made its findings on the theory that it was given to hinder, delay and defraud, and entered judgment for plaintiff, a reversal of the judgment will not entitle the defendant to a judgment in the appellate court, but the trial court will be entitled to pass on the question of preference.

*Appeal from Bremer District Court.*—HON. J. F. CLYDE, Judge.

MONDAY, MARCH 14, 1904.

ON September 22, 1898, White & Drake, a co-partnership doing business at Waverly, this state, then being indebted to the defendant bank in the sum of $1,616.62, all of which was past due, executed and delivered a chattel mortgage covering the entire stock of merchandise owned by said firm, and assigned in writing all its unpaid accounts and demands to the defendant bank to secure such indebtedness. The property so conveyed and assigned constituted all the property owned by said firm and by the individual members thereof. On September 28, 1898, the bank took possession, and sold the stock of merchandise, in accordance with the provisions of the mortgage, for the sum of $1,533.32, and applied said sum upon the indebtedness due to it. Of the accounts and demands assigned sufficient were collected by the bank to pay the balance of such indebtedness. January 19, 1899, the said co-partnership of White & Drake and S. E. White and C. W. Drake, the individual members thereof, were adjudged bankrupts in certain proceedings brought for that purpose, and then pending in the District Court of the United States, Northern District of Iowa. The appellee was duly appointed trustee in such proceedings. This action is brought at law by the trustee to recover the full amount so collected and received by the defendant bank. There was a trial to the court, a jury being waived, and a judgment in favor of plaintiff. The defendant appeals.—*Reversed.*

*Long, Hagemann & Farwell* for appellant.

*Gibson & Dawson* for appellee.

BISHOP, J.—A misunderstanding of the issues in this case led to an order granting a rehearing, and reargument of the case has now been had. We find the contention of plaintiff as made in his petition to be that at the time of the mak-

ing of the mortgage to the defendant bank the firm of White & Drake was insolvent, and that the effect of such mortgage was to prefer the bank as a creditor. The allegations of the petition do not amount to a charge that the mortgage was made with intent to hinder, delay, and defraud. Now, under the provisions of Bankruptcy Act, July 1, 1898, chapter 541, section 60, 30 Statute 562 (U. S. Compiled Statutes 1901, page 3445), a person is deemed to have given a preference if, being insolvent, he shall make a transfer of any of his property, the effect whereof will be to enable one of his creditors to obtain a greater percentage of his debt than other creditors of the same class. And if preference be given within four months before the filing of a petition in bankruptcy, and the person receiving it shall have had reasonable cause to believe that it was intended thereby to give a preference, the transfer is voidable in a suit by the trustee, and he may recover the property or its value.

I. An insolvent, within the meaning of Bankruptcy Act, section 1 (15), 30 Statute 454 [U. S. Compiled Statutes 1901, page 3421], is one, the aggregate of whose property,

1. BANKRUPTCY: insolvency: evidence. etc., shall not, at a fair valuation, be sufficient in amount to pay his debts. The solvency of White & Drake, as a matter of fact, within this definition, was a material inquiry in the case. To prove the amount of indebtedness of the firm, the plaintiff called as a witness the referee in bankruptcy, and he was permitted to testify in respect of the number and amount of claims filed with and allowed by him. This testimony was objected to by defendant as incompetent, in that defendant was in no sense a party to the bankruptcy proceedings, and was not bound thereby, or by any findings made therein. We think that under the issues as presented by the pleadings the objection should have been sustained. The defendant was relying upon its mortgage as a specific lien upon the property covered thereby, and under the bankrupt act it could be divested of that lien only upon proof of actual insolvency. The finding of the bankruptcy court upon that question, or of any fact involved

therein, was not *res adjudicata* as against defendant, inasmuch as it was not in any sense a party to the bankruptcy proceedings. As the plaintiff relied almost exclusively upon the testimony of the referee to establish the fact that the indebtedness of White & Drake exceeded its available assets, and as such testimony was incompetent for the purpose, it follows that the finding of insolvency as made by the trial court was unwarranted.

II.  As we have seen, it was the theory of plaintiff that the giving of the mortgage amounted to a preference. A finding that such was the fact—conceding insolvency—would not be sufficient of itself to defeat the lien of the mortgage. The bank must have had reasonable cause to believe not only that insolvency existed as a fact, but that a preference was intended; and this must be made to appear before the mortgage can be avoided at the suit of the trustee. This is the express provision of the bankrupt act. See, also, *Pirie v. Chicago, etc.,* 182 U. S. 438 (21 Sup. Ct. 906, 45 L. Ed. 1171); *Deland v. M. & C. Bank,* 119 Iowa, 368.

2. BANKRUPTCY: preference.

The trial court made findings of fact and entered the same of record. Therefrom it would seem that in proceeding the court erroneously took the view that the contention of plaintiff was that the purpose of the mortgage was to hinder, delay, and defraud creditors, rather than to create a preference, and hence that the case came within the provisions of subdivision "e," section 67, of the bankrupt act (30 Stat. 565 [U. S. Compiled Statutes 1901, page 3449]). Accordingly, the findings contain no reference to the matter of preference or cause for belief on the part of defendant with respect thereto, and the conclusion is self-evident that consideration of any such matters did not enter into the judgment.

3. BANKRNPTCY: practice and proceedure.

III.  Counsel for appellant insists that in any view of the case as made by the record, the judgment was not warranted, and we are asked not only to reverse, but to order judgment in its favor. This we are not disposed to do. Had there

been no findings of fact, and there was before us, upon error assigned, simply the question whether the judgment was warranted by the evidence, the case might be different. But the action is at law, and the record discloses that the question of preference—vital to plaintiff's case—has never been passed upon by the trial court. We cannot assume to answer that question in the first instance. When we are presented with a finding upon the question, we shall then be called upon to test the same as we would a special verdict by a jury.

We conclude that the judgment must be reversed, and the case remanded for a new trial.—REVERSED.