# GRATIOT COUNTY STATE BANK v. JOHNSON, AS TRUSTEE OF THE ST. LOUIS CHEMICAL COMPANY, BANKRUPT.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No. 148.   Submitted January 20, 1919.—Decided March 17, 1919.

Although an adjudication of bankruptcy concludes all the world as to the status of the debtor *qua* bankrupt, it does not bind strangers as to the facts or subsidiary questions of law upon which it is based. P. 248.

In a suit by the trustee to recover, as illegal preferences, payments made by the bankrupt, within four months before the filing of the

involuntary petition, to a creditor who did not appear in the bankruptcy proceedings, the adjudication of bankruptcy is not conclusive evidence of the bankrupt's insolvency when such payments were made, even if based upon allegations and findings that the bankrupt was insolvent throughout the four months and that, during that period, he gave illegal preferences to such creditor, among others. *Id.*

Sections 18*b* and 59*f* of the Bankruptcy Act, allowing creditors to intervene, are permissive only; and, unless a creditor exercises the right, he remains a stranger to the proceedings. P. 249.

The purpose of Congress in expressly authorizing such interventions in involuntary bankruptcy proceedings was to guard against improvident adjudications and protect those creditors whose peculiar interests might be prejudiced by establishing the status of bankruptcy. P. 250.

193 Michigan, 452, reversed.


THE case is stated in the opinion.


Mr. *Elliott G. Stevenson* and Mr. *William L. Carpenter* for petitioner.


Mr. *Edward J. Moinet* and Mr. *William A. Bahlke* for respondent. Mr. *Edwin H. Lyon* was on the briefs.


MR. JUSTICE BRANDEIS delivered the opinion of the court.

The trustee in bankruptcy of the St. Louis Chemical Company brought suit in a state court of Michigan against the Gratiot County State Bank to recover, as illegal preferences, payments made to it within four months before the filing of the involuntary petition. The Bank denied the allegation that the Chemical Company was insolvent when the payments were made. To establish that fact, the Trustee offered in evidence the adjudication together with the petition on which it was based and the special master's report which it confirmed. The latter found

that the debtor had been insolvent for four months or more before the filing of the petition and had made, while so insolvent, certain preferences. The Bank was not actually a party to the bankruptcy proceedings and· had taken no part therein. The trial court held that this evidence was not only admissible but established conclusively that the debtor was insolvent throughout the four months; and it entered judgment for the Trustee which was affirmed by the Supreme Court of Michigan (193 Michigan, 452). The case comes here on writ of certiorari (243 U. S. 645). The only question presented is whether the state courts erred in holding that the record of the adjudication made the fact of insolvency at the time of the payments *res judicata* as against the Bank.

*First.* The Trustee contends that adjudication in bankruptcy, being in the nature of a judgment *in rem*, establishes not only the status of the debtor as a bankrupt, but also the essential findings of fact on which that judgment was based. The adjudication is, for the purpose of administering the debtor's property, that is, in its legislative effect, conclusive upon all the world. Compare *Shawhan* v. *Wherritt*, 7 How. 627, 643. So far as it declares the status of the debtor, even strangers to the decree may not attack it collaterally. *Michaels* v. *Post*, 21 Wall. 398, 428; *New Lamp Chimney Co.* v. *Ansonia Brass & Copper Co.*, 91 U. S. 656, 661–662. Compare *Hebert* v. *Crawford*, 228 U. S. 204, 208–209. But an adjudication in bankruptcy, like other judgments *in rem*, is not *res judicata* as to the facts or as to the subsidiary questions of law on which it is based, except as between parties to the proceeding or privies thereto. *Manson* v. *Williams*, 213 U. S. 453, 455.[1] This court applied the

---

[1] See also *In re Henry Ulfelder Clothing Co.*, 98 Fed. Rep. 409, 413–414; *In re Schick*, 2 Ben. 5, Fed. Cas. No. 12,455; *Silvey & Co.* v. *Tift*, 123 Ga. 804; *Durant* v. *Abendroth*, 97 N. Y. 132; *Lewis* v. *Sloan*, 68 N. C. 557, 562–563.

principle in *Wood* v. *Davis*, 7 Cranch, 271, where a judgment that a mulatto woman was born free was held, as between strangers, not conclusive that her children were free.   The rule finds abundant illustration in cases dealing with decedents' estates, *Tilt* v. *Kelsey*, 207 U. S. 43, 52; *Brigham* v. *Fayerweather*, 140 Massachusetts, 411; and in cases involving the marriage status, *Luke* v. *Hill*, 137 Georgia, 159; *Burlen* v. *Shannon*, 3 Gray, 387; *Wilson* v. *Mitchell*, 48 Colorado, 454, 469; *Corry* v. *Lackey*, 105 Michigan, 363; *Belknap* v. *Stewart*, 38 Nebraska, 304; *Gill* v. *Read*, 5 R. I. 343.

*Second.* The Trustee contends, however, that since by §§ 18*b* and 59*f* [1] of the Bankruptcy Act, any creditor is entitled to intervene in the bankruptcy proceedings, the Bank should be considered a party thereto. These sections are permissive, not mandatory.   They give to a creditor, who fears that he will be prejudiced by an adjudication of bankruptcy, the right to contest the petition.   Whether he does so or not, he will be bound, like the rest of the world, by the judgment, so far as it is strictly an adjudication of bankruptcy.   But he is under no obligation to intervene, and the existence of the right is not equivalent to actual intervention.   Unless he exercises the right to become a party, he remains a stranger to the litigation and, as such, unaffected by the decision of even essential subsidiary issues. *In re McCrum*, 214 Fed. Rep. 207, 213; *Cullinane* v. *Bank*, 123 Iowa, 340, 342.   The rule is general that persons who might have

---

[1] Act of July 1, 1898, c. 541, 30 Stat. 544.

Section 18*b* provides: "The bankrupt, or any creditor, may appear and plead to the petition within five days after the return day, or within such further time as the court may allow."   (As amended by the Act of February 5, 1903, c. 487, § 6, 32 Stat. 797, 798.)

Section 59*f* provides: "Creditors other than original petitioners may at any time enter their appearance and join in the petition, or file an answer and be heard in opposition to the prayer of the petition."

made themselves parties to a litigation between strangers, but did not, are not bound by the judgment.[1]  Compare *Western Union Telegraph Co.* v. *Foster,* 247 U. S. 105, 115. No good reason exists for making an exception in the case of bankruptcy proceedings.

The purpose of Congress in expressly authorizing creditors, as well as the debtor, to answer an involuntary petition in bankruptcy was to guard against an improvident adjudication and to protect those whose peculiar interests might be prejudiced by establishing the status of bankruptcy.  See *Blackstone* v. *Everybody's Store,* 207 Fed. Rep. 752, 756; *Jackson* v. *Wauchula Mfg. & Timber Co.,* 230 Fed. Rep. 409, 411.  The grant of this right of intervention was harmonized with the general purpose of Congress to secure a prompt adjudication, by requiring that the appearance and answers of creditors be made within five days after the return day on the petition.  Had the adjudication been made determinative also of claims of the several creditors against the estate or of claims of the estate against individual creditors, such expedition in proceedings would be impossible, if each of the many widely scattered creditors is to be afforded a fair opportunity to be heard.  Furthermore, to require every creditor to acquaint himself with the issues raised in every proceeding in bankruptcy against his debtors, in order to determine whether a decision on any such issue might conceivably affect his interests; and, if so, either to participate in the litigation, or, at his peril, suffer the decision of every question therein litigated to become *res judicata* as against him, would be an intolerable hardship upon creditors.  And the resulting volume of litigation would often so delay the adjudication as to defeat the purposes of the Bankruptcy Act.

---

[1] *Lee* v. *School District,* 149 Iowa, 345, 354; *Weber* v. *Mick,* 131 Ill. 520, 529; *State* v. *Johnson,* 123 Mo. 43, 55; *Hickox* v. *Eastman,* 21 S. D. 591, 595; *Carney* v. *Emmons,* 9 Wis. 114, 117.

The unreasonableness of the rule contended for by the Trustee is well illustrated in cases of alleged fraudulent preference. The claim may be made in respect to any creditor paid off ·within four months of the filing of an involuntary petition, that he received a fraudulent preference. Is every such former creditor to .be deemed an existing creditor within the meaning of §§ 18*b* and 59*f* and a party to the bankruptcy proceeding?  Compare *Keppel* v. *Tiffin Savings Bank*, 197 U. S. 356. ·And shall the decision of the bankruptcy court be binding on all these former creditors in respect to individual claims, although that court could not (without consent) obtain jurisdiction of any creditor who is not a resident of the district in which it sits, *Acme Harvester Co.* v. *Beekman Lumber Co.*, 222 U. S. 300, 311; and would not (prior to the Act of February 5, 1903, c. 487, §§ 8 & 13, 32 Stat. 797, 798, 800) have had jurisdiction, even as against a resident creditor, of a claim to recover a fraudulent preference; such claim being enforceable (without consent) only in courts of general jurisdiction; *Bardes* v. *Hawarden Bank*, 178 U. S. 524; *Wall* v. *Cox*, 181 U. S. 244; *Jaquith* v. *Rowley*, 188 U. S. 620; and, even now, only by plenary suit, *Louisville Trust Co.* v. *Comingor*, 184 U. S. 18; *Babbitt* v. *Dutcher*, 216 U. S. 102, 113.

The decisions of the lower federal courts upon which the state court relied [1] in holding that §§ 18*b* and 59*f* made all creditors parties to the proceeding so as to render.

---

[1] *Cook* v. *Robinson*, 194 Fed. Rep. 785; *In re American Brewing Co.*, 112 Fed. Rep. 752; *Bear* v. *Chase*, 99 Fed. Rep. 920.  See also *Lazarus* v. *Eagen*, 206 Fed. Rep. 518.  *In re Hecox*, 164 Fed. Rep. 823, also relied upon, is a case of a different character.  There, as in *Shawhan* v. *Wherritt*, 7 How, 627, 643, one not actually a party to the proceeding sought to attack the legislative effect of the adjudication—and it was properly held to be conclusive.  *Hackney* v. *Hargreaves Bros.* (*Hackney* v. *Raymond Bros. Clarke Co.*), 68 Neb. 633, 639, involved only the admissibility of the schedule of liabilities as evidence tending to prove insolvency.

the adjudication binding on them as to all essential issues, clearly misconceived the intention of Congress. The allegation in the involuntary petition that the Bank was among those who had received preferences, did not impose upon it the duty to appear and answer; and since it did not do so, even a finding to that effect by the bankruptcy court would not have bound it. The Supreme Court of Michigan erred in holding that the adjudication in bankruptcy established conclusively as against the Bank that the debtor was insolvent at the time the payments were made. We have no occasion to consider whether the record introduced was admissible merely as evidence of insolvency.

*Reversed.*