ALFRED TREPP, TRUSTEE IN BANKRUPTCY OF UNITED PACKING & PRE-
SERVING COMPANY, A CORPORATION, RESPONDENT, v. MONONGAH
GLASS COMPANY, A CORPORATION, APPELLANT.

St. Louis Court of Appeals. Opinion filed May 3, 1927.

1.—Appellate Practice—Demurrer to Evidence—Rule of Review. In reviewing the action of the trial court in refusing defendant's request for peremptory instruction in the nature of a demurrer to the evidence, the appellate court must determine whether there was substantial evidence to establish the several elements of plaintiff's cause of action.

2.—Bankruptcy—Action by Trustee—Preferential Payments—Insolvency—Elements Essential to Recovery. In an action by a trustee in bankrupty to recover from defendant an alleged preferential payment, the trustee must show that the payment was made to defendant by the bankrupt while the latter was insolvent, and within four months of bankruptcy; that defendant had reasonable grounds to believe the bankrupt was insolvent at the time such payment was made; and that the effect of such payment was to give defendant a greater percentage of its debt than other creditors of the same class secured.

3.—Same—Same—Same—Evidence—Jury Question. In an action by a trustee in bankruptcy to recover from defendant a preferential payment, whether the bankrupt was insolvent at the time of such payment and whether the defendant had reasonable cause to suspect that such payment would effect a preference over other creditors held, under the evidence, a question for the jury.

4.—Appellate Practice—Bankruptcy—Demurrer to Evidence—Plaintiff's Favorable Evidence Accepted as True—Inferences. In an action by a trustee in bankruptcy to recover a preferential payment, while the burden of proof was upon the plaintiff to prove all of the essential elements of a voidable preference, the usual rule upon demurrer prevails that plaintiff is entitled to have the evidence in his favor accepted as true, and is also entitled to every reasonable inference to be drawn therefrom.

5.—Bankruptcy—Insolvency—Defined. A party is deemed to be insolvent within the meaning and under the provisions of the Bankruptcy Act, whenever the aggregate of his property, exclusive of any property which it may

have conveyed or transferred with intent to defraud its creditors shall not, at a fair valuation, be sufficient to pay such party's debts.

6.—Same—Preferential Payments—Insolvency—When Determined. In an action by a trustee in bankruptcy to recover a preferential payment, the question of bankrupt's insolvency must be determined as of the date when the alleged preferential payment was made.

7.—Same—Same—Same—Elements of Proof. In an action by a trustee in bankruptcy to recover an alleged preferential payment, proof of bankrupt's insolvency a reasonable time prior to the date of such payment, accompanied with proof that no substantial change had occurred in its financial condition in the meanwhile, may be taken as evidence of insolvency at the latter date, under the usual presumption that a condition once shown to exist is presumed to continue for a reasonable time thereafter under the same circumstances.

8.—Same—Same—Same—Reasonable Cause—Evidence—Sufficiency. To establish reasonable cause for belief, as the expression is used in the statute, it is not necessary that proof be made, either of actual knowledge, or of actual belief, on the part of the preferred creditor, but it suffices if such surrounding circumstances appear as would have led an ordinarily prudent business man to conclude that such payment would result in a preference.

9.—Same—Action by Trustee—Preferential Payments—Evidence—Involuntary Petition Filed in Federal Court—Extent of Competency. As a general rule of practice, it is entirely proper for the trustee in bankruptcy, in an action to avoid a preference, to allege and prove as necessary elements of his cause of action the filing of an involuntary petition in bankruptcy, the adjudication thereon, and that he is the duly appointed, qualified, and acting trustee of the estate of the bankrupt, the date of the filing of the petition in bankruptcy being material, inasmuch as under the provisions of the statute the status of the trustee as that of a lien creditor is held to exist as of such date.

10.—Same—Same—Same—Same—Same—Contents of Petition—Incompetent. In an action by a trustee in bankruptcy to recover a preferential payment, the admission of the contents of the involuntary petition which was filed in the Federal court against the bankrupt, as distinguished from the date of its filing, held reversible error as such petition was inadmissible for any purpose against defendant who was not a party to the proceedings in bankruptcy, and although the insolvency of the alleged bankrupt was a necessary element of its alleged act of bankruptcy, upon a finding of which the adjudication of the Federal court was based, nevertheless such adjudication was not res judicata as to such fact of insolvency in the present action brought by the trustee against defendant who was not a party to the original bankruptcy proceedings, and the jury was thus allowed to be impressed with the fact that the Federal court had found the allegations of such petition, as to essential elements of plaintiff's case, to be true.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 902, n. 12; p. 972, n. 70; Bankruptcy, 7CJ, p. 89, n. 12 New; p. 150, n. 69, 74; p. 152, n. 89; p. 153, n. 90, 91; p. 154, n. 97; p. 265, n. 9 New; p. 270, n. 80, 81, 82, 83, 84 New, 86, 87; p. 271, n. 4; p. 273, n. 28; p. 274, n. 48, 51 New; Evidence, 22CJ, p. 90, n. 25; Trial, 38Cyc, p. 1543, n. 68, 69.

Appeal from the Circuit Court of the City of St. Louis.—*Hon. Erwin G. Ossing,* Judge.

REVERSED AND REMANDED.

*H. A. & Harry S. Gleick* for appellant.

(1)  The burden of proof is upon the plaintiff suing for payments made by the bankrupt, to prove all of the essential elements of a voidable preference.  2 Collier on Bankruptcy (13 Ed.), pp. 1327-1330.  There is a presumption of law that the defendant did not have reasonable cause to believe that a preference was intended. Getts v. Janesville Wholesale Grocery Co., 163 Fed. 420; Tumlin v. Bryan, 165 Fed. 168; Newman v. Dry Goods Co., 174 Mo. App. 534; American Surety Co. v. Citizens National Bank, 294 Fed. 616: Glover v. Insurance & Security Co., 130 Mo. 186-187; 7 Corpus Juris 269.  (a) The fact of insolvency at the very time of the alleged payment must be shown.  Edwards v. Carondelet Milling Co., 108 Mo. App. 275; Wrenn v. Citizens National Bank, 96 Conn. 374; In re Gaylord, 225 Fed. 234; In re Chappell, 113 Fed. 545; 4 Remington on Bankruptcy (3 Ed.), p. 523, sec. 1766; In re Hines, 144 Fed. 142; Liberty National Bank v. Bear, 265 U. S. 365.  (b) At the time of the payment, it must be shown that the debtor was insolvent, that is, that the liabilities exceeded the assets, taken at a fair valuation.  Newman v. Dry Goods Co., 174 Mo. App. 528, 532.  (c and d) That at the time of the payment, the payment operated as a preference, and that the creditor at that time had reasonable cause to believe that the payment would effect a preference.  Kennard v. Behrer, 270 Fed. 661; Newman v. Dry Goods Co., 174 Mo. App. 528, 534; Edwards v. Milling Co., 108 Mo. App. 275, 286.  Mere suspicion that a preference would result is not sufficient.  Sumner v. Parr, 270 Fed. 676; Alter v. Clark, 193 Fed. 153; Grant v. National Bank, 97 U. S. 81; Paper v. Stern, 198 Fed. 642; Tumlin v. Bryan, 165 Fed. 166. The creditor is chargeable only with such facts as were actually known  to him, and those which upon reasonable inquiry would have been disclosed.  Peck & Co. v. Whitmer, 231 Fed. 896; Farmer's State Bank v. Freeman, 249 Fed. 579; Nichols v. Elken, 225 Fed. 689; Edwards v. Milling Co., 108 Mo. App. 286; Tilt v. Citizens Trust Co., 191 Fed. 441; In re W. W. Mills Co., 162 Fed. 42. (2)  The petition in bankruptcy was a self-serving document; its admission in evidence was erroneous.  Liberty National Bank v. Bear, 265 U. S. 365, 44 Sup. Ct. Rep. 499, 68 L. Ed. 1057; Blair v. Caldwell, 3 Mo. 353; Wesner v. Railroad, 177 Mo. App. 117; McMenamy v. Cohick, 1 Mo. App. 529; Wrigley v. Pryor, 290 Mo. 10, 24, 233 S. W. 828; 7 Corpus Juris 271, "Bankruptcy," sec. 437; Halbert v. Pranke, 97 N. W. 976; Clifton Mercantile Co. v. Conway, 264 S. W. 192; Rosenman v. Coppard, 228 Fed. 114; Cullinane v. Bank, 123 Iowa, 340; Brechen v. Snyder, 211 Pa. 176, 182; Gratiot County State Bank v. Johnson, 249 U. S. 246.  (3)  The actual fact of insolvency at the very time of the alleged preference must be

proved, and the admission in evidence of the bank statements show-
ing the condition of the bank account of the United Packing and
Preserving Company at other times was erroneous.   Edwards v.
Carondelet Milling Company, 108 Mo. App. 275; Wrenn v. Citizens
National Bank, 96 Conn. 374; Cases cited under 1 (a).   (4) Cross-
examination of a witness by reading portions of a deposition is
improper.   Littig v. Urbauer-Atwood Htg. Co., 292 Mo. 226; Charles
H. Fuller Co. v. St. Louis Wholesale Drug Co., 282 S. W. 535;
Troxell v. De Shon, 279 S. W. 438.   (5) Plaintiff's instruction 1 is
erroneous and prejudicial.   (a) An instruction is prejudicial which
gives particular prominence to certain evidence.   In re Condemna-
tion v. Boruff, 295 Mo. 28, 48, 243 S. W. 167; Wiegmann v. Wieg-
mann, 261 S. W. 758; Curtis v. Bales, 211 Mo. App. 219, 241 S. W.
83; Martin v. Travelers' Ins. Co., 247 S. W. 1024; Simpson v. Bur-
nett, 299 Mo. 232, 248, 252 S. W. 949; Zumwalt v. C. & A. R. R.
Co., 266 S. W. 717.   (b) Instructions must keep within the plead-
ings.   Stumpf v. United Railways Co., 227 S. W. 852; Dickes v.
Bookman, 285 S. W. 546; State ex rel. v. Allen, 282 S. W. 46, 52.
(c) An instruction is erroneous which assumes a fact in issue.
Hunt v. City of St. Louis, 278 Mo. 213, 211 S. W. 673; Gunn v.
Hemphill Lbr. Co. (Mo. App.) 218 S. W. 978; Moyes v. St. Louis,
I. M. & S. Ry. Co. (Mo.), 186 S. W. 1027; Shull & Chipps Abst.
Co. v. Schneider, 215 Mo. App. 595.   An instruction should not be
drawn so that it is difficult to say whether or not an issuable fact
has been assumed.   Weddle v. Tarkio Electric & Water Co. (Mo.
App.), 230 S. W. 386.   (d) An instruction should not be long and
involved, but should be as plain and simple as possible.   Weddle
v. Tarkio Electric & Water Co. (Mo. App.), 230 S. W. 386.   (e)
Where an instruction purports to cover the entire case and is fatally
deficient, the omission cannot be supplied nor the error cured by
other instructions given.   Rouse v. St. Paul Fire, etc., Ins. Co., 203
Mo. App. 603; Mitchell v. Glassman, 241 S. W. 962; Heigold v.
United Railways Co., 271 S. W. 773; Stafford v. Ryan, 276 S. W.
636; Harvey v. Blue Oak Handle Co., 279 S. W. 155; Huffman v.
City of Hannibal, 287 S. W. 848; O'Brien Boiler Works v. Siebert,
256 S. W. 555.   An instruction erroneous as assuming a disputed
fact is not cured by other instructions requiring the jury to find
such fact to be true.   Laughlin v. Gorman, 209 Mo. App. 692.

*Smith & Pearcy* for respondent.

(1)   On a demurrer to the evidence there is a stiff general rule
that the defendant's evidence, where contradicted, is false and
that plaintiff's is true.   The court must allow to plaintiff's case the
benefit of every reasonable inference of fact that may reasonably

be deduced from the evidence. In other words, if there is any evidence or any reasonable inference deducible therefrom, supporting the verdict, the court will not interfere with the finding of the jury and the judgment thereon. On demurrer the evidence most favorable to plaintiff must be taken into consideration. Montague v. Railroad, 305 Mo. 269; Williams v. Railroad, 257 Mo. 87; Strauchon v. Metropolitan Street Railway Co., 232 Mo. 587; Meily v. Railroad, 215 Mo. 567; Trepp v. State National Bank, 289 S. W. 540. (2) The court below having overruled defendant's motion for new trial, the weight of the evidence is not for review by the Appellate Court. National Bank v. Loughlin, 264 S. W. 706, 305 Mo. 8; State ex inf. Thompson v. Bright, 298 Mo. 335; Morrow v. Franklin, 289 Mo. 549. (3) A preference is effected according to the United States Bankruptcy Act by a person while insolvent and within four months of the filing of the petition in bankruptcy transferring any of his property to a creditor, which enables the creditor to obtain a greater percentage of his debt than any other creditor of the same class. Such a preference is voidable by the trustee if at the time of the receipt of such payment the creditor "shall then have reasonable cause to believe that the transfer would effect a preference" (Sec. 60, Bankruptcy Act, as amended by Act of 1910). 1 Fed. Stat. Ann. (2 Ed.), 1004 et seq.; 1 Fed. Stat. Ann. 1026 et seq.; 2 Collier on Bankruptcy (13 Ed.), p. 1239; 4 Remington on Bankruptcy (3 Ed.), pp. 395-6; Trepp v. State National Bank, 289 S. W. 540. (4) In order that a preferential transfer should be deemed voidable under the provision of Section 60 (b) of the Bankruptcy Act, it is not necessary that the person to be benefited thereby should know positively that the result of the transfer would be the effecting of a preference, but it will be sufficient if the person preferred, or his agent therein, have knowledge or notice of such facts and circumstances as would incite a person of reasonable prudence under similar circumstances to make inquiry, where such inquiry would have developed the facts essential to a knowledge of the situation. The defendant is charged with all knowledge which a reasonable inquiry would have disclosed. Farmers State Bank v. Freeman, 249 Fed. 579; Trepp v. State National Bank, 289 S. W. 540. (5) The evidence was sufficient to establish that the United Packing and Preserving Company was insolvent on February 14, 1922. Trepp v. State National Bank, 289 S. W. 540. The Missouri Supreme Court held in the State National Bank case that the United Packing and Preserving Company was insolvent on January 20, 1922. The United States District Court in St. Louis, Missouri, held that it was insolvent on February 28, 1922, and had committed an act of bankruptcy on January 20, 1922. (6) The defendant's agent, Mr. Kelly, knew all the facts to

which Mr. Rich testified relating to the insolvency of the United Packing and Preserving Company. Kelly's own testimony shows that he knew sufficient facts to charge the Monongah Glass Company with actual knowledge of the insolvency of the United Company. Trepp v. State National Bank, 289 S. W. 540. (7) The evidence shows without contradiction that the United Packing and Preserving Company was insolvent on January 20, 1922. The evidence shows that the company was not transacting any business and that all of its physical assets had been burned up and destroyed. This evidence is sufficient to show that the United Company was insolvent on February 14, 1922. Insolvency being shown on January 20, 1922, there is a presumption in law that insolvency continues as long as the company continues under similar circumstances. Cleage v. Laidley, 149 Fed. 346; Jones' Commentaries on Evidence (2 Ed.), sec. 273, pp. 449-50; Mullen v. Pryor, 12 Mo. 307; King v. Mo. P. R. R., 263 S. W. 828; Lewis v. Michigan Stove Co., 54 Ind. App. 1; Aycock v. Ft. Branch Milling Co., 182 Ala. 326; 22 Am. & Eng. Ency. 1239. In some cases the court has even gone so far as to make the presumption work backward. In re Dix, 267 Fed. 1016; Wilmot v. Blanchard, 203 N. Y. Sup. 700. (8) The petition in bankruptcy was properly admitted to prove the status of the United Company as a bankrupt and the right of the trustee (plaintiff herein) under proper decree based upon a valid petition to administer that estate of the company in the bringing of this suit. The adjudication based upon the petition was the basis of the trustee's right to bring this suit, which right was denied in defendant's answer. Gratiot State Bank v. Johnson, Trustee, 249 U. S. 246; Whitson v. Bank, 105 Mo. App. 605; Rosenfield v. Siegfried, 91 Mo. App. 169. The adjudication in bankruptcy is not conclusive (i. e., *res judicata*) against creditors not parties to the record as to the question of insolvency when that is an issue in a separate suit against such parties. Gratiot State Bank v. Johnson, Trustee, 249 U. S. 246. In this respect the Gratiot case supersedes what is said in this respect by Judge ELLISON of our Kansas City Court of Appeals in the following cases: Calkins v. Bank, 99 Mo. App. 509; Landis v. McDonald, 88 Mo. App. 335. The petition is, however, properly admissible in proof of the allegations of the petition in this case. If the defendant thought it might influence the jury improperly an instruction should have been requested by the defendant limiting the purpose for which it was admitted. This was not done, and the defendant cannot now complain. Bujalo v. Box Co., 287 S. W. 844; Carle v. City of De Soto, 63 Mo. App. 161; Morrison v. Yancey, 23 Mo. App. 670. There was no error in admitting the petition in evidence, as it was the basis of the adjudication, which appellant admits was properly in evidence.

(9) The ledger sheets of the State National Bank were proper evidence to show the condition of the cash assets of the United Company, even if Mr. Kelly knew nothing about them. They were relevant on the proof of the solvency or insolvency of the company. (10) In the cross-examination of defendant's witness Kelly it was proper for the plaintiff to try to refresh his memory. As an act of fairness this should be permitted, since if the witness is making an effort to tell the truth he will invite anything that will refresh his memory and thus avoid the necessity of attempting to impeach him and show that he is falsifying. (11) Plaintiff's instruction No. 1 does not give pre-eminence to any part of the evidence. It keeps within the pleadings, does not assume a single fact to be proven and is as short and direct as it was safe for any trial lawyer to offer. A similar instruction has been approved by the Missouri Supreme Court. Trepp v. State National Bank, 289 S. W. 540. (12) This record does not show any error committed by the trial court against the appellant which materially affects the merits of the action, and the case should therefore be affirmed. Sec. 1513, R. S. 1919.

BENNICK, C.—This is an action by the Trustee in Bankruptcy of the United Packing & Preserving Company, to recover from defendant, the Monongah Glass Company (a corporation with its principal offices at Fairmount, West Virginia), an alleged preferential payment in the sum of $1779.05. The verdict of the jury was for plaintiff, in the full amount sued for, and from the judgment rendered thereon defendant has appealed.

The charge in plaintiff's petition was as follows:

"For his cause of action against defendant, plaintiff states that within four months prior to the filing of said involuntary petition in bankruptcy against the United Packing and Preserving Company and while insolvent and indebted to defendant and divers other creditors of the same class upon unsecured indebtedness provable in bankruptcy, and well knowing such insolvency, the said United Packing and Preserving Company did, on or about the 30th day of January, 1922, pay to defendant the sum of $1779.05; that the said payment was for a pre-existing debt, to-wit, a trade acceptance dated September 19, 1921, given by the United Packing and Preserving Company to the defendant in settlement for goods and merchandise sold and delivered by defendant to said United Packing and Preserving Company.

"Plaintiff further states that the effect of such payment by the United Packing and Preserving Company to the defendant was to enable the defendant to obtain a greater percentage of its debt than other creditors of the bankrupt of the same class as the said defend-

ant, and that said payment did thus operate as a preference under the provisions of the Bankruptcy Act of 1898 and amendments thereto.

"That the defendant at the time it received said payment knew, or had reasonable cause to believe, that it was intended thereby to give it a preference, and that it was receiving a preference thereby under the provisions of the Bankruptcy Act.

"Plaintiff states that he has insufficient assets in his hands to pay in full the debts of the United Packing and Preserving Company, bankrupt."

The answer of defendant was a general denial.

Briefly, the evidence disclosed that the A. M. Neville Manufacturing Company was a Missouri corporation which had failed in business. In September, 1920, a petition in bankruptcy was filed against it, and, subsequently, the claims of certain of its creditors were adjusted on the basis of seventy-five cents on the dollar. On May 31, 1921, Mr. A. F. Ruppenthal acquired an interest in the company, and became its president, and its name was thereupon changed to United Packing & Preserving Company, although there was no reorganization of the company. Its plant was located on South Broadway, in the city of St. Louis, and its business, as its name implies, was the manufacture and sale of fruit products.

Two consignments of glassware were sold the United Packing & Preserving Company by defendant, the first, of the value of $1000, on July 21, 1921, and the second, amounting to $1779.05, (the payment for which is involved in the present litigation), on August 2, 1921. Each bill was due thirty days from date of shipment, but neither was paid when due. Instead, trade acceptances were given to defendant, the first due in thirty days, and the other in sixty days.

It appears that the financial condition of the United Packing & Preserving Company had again become involved, with the result that on September 19, 1921, a contract was entered into between such company and the Evans-Rich Manufacturing Company, one of its St. Louis competitors, whereby the Evans-Rich Manufacturing Company agreed to buy the raw materials necessary to manufacture merchandise to fill the outstanding orders of the United Packing & Preserving Company, which latter company would then manufacture the finished product and ship same to its customers under such an arrangement that the Evans-Rich Manufacturing Company would receive the payments therefor and thus be protected on its original investment.

In the following October, M. H. M. Kelly, the St. Louis representative of defendant, having been apprised of the above working agreement between the two companies, called upon Mr. Sidney Rich, of the Evans-Rich Manufacturing Company, and advised him of the two trade acceptances which defendant held against the United Packing & Preserving Company, the first of which had gone to

protest.  In the conversation which ensued, Rich agreed, on behalf of his company, to take up the first acceptance, provided a thirty-day extension thereon would be granted by defendant, but refused to guarantee the payment of the second; and when the first acceptance again fell due it was, in fact, paid by the Evans-Rich Manufacturing Company.

On November 17, 1921, the plant of the United Packing & Preserving Company was wholly destroyed by fire, and the company never resumed operations thereafter.  Although insurance had been carried in the sum of $35,000, the loss was adjusted for $25,673.35, which amount was paid on and after January 20, 1922.  Some time in December, 1921, the United Packing & Preserving Company filed with the State National Bank of St. Louis, with which it was transacting its business, and to which it was indebted, an agreement, by the terms of which the insurance money was to be paid to such bank, and by it distributed *pro, rata* to certain creditors, as shown by a list also filed with the bank.  However, it developed that such list was incomplete, in that it did not include the names of all of the creditors, among those omitted being the Evans-Rich Manufacturing Company, and defendant.  Accordingly, after considerable controversy, an involuntary petition in bankruptcy was filed on February 28, 1922, by the Evans-Rich Manufacturing Company, against the United Packing & Preserving Company, in the United States District Court at St. Louis, and, thereafter, on June 23, 1922, the company was adjudged bankrupt, and plaintiff was in due course elected and qualified as trustee in bankruptcy.

Meanwhile, on January 30, 1922, the United Packing & Preserving Company had drawn a check, payable to the order of defendant, for $1,779.05, covering the amount of the second trade acceptance, although for some reason the check was not forwarded to defendant until about February 12th following.  It was deposited by defendant in its own bank on February 14, 1922, and was paid by the Mound City Trust Company, of St. Louis, on February 17, 1922.  It is to recover such alleged preferential payment that the present action was brought.

Other details of the evidence will be hereinafter noted as they may bear upon particular points to be decided.

The first point urged by defendant is that its requested peremptory instruction in the nature of a demurrer to the evidence should have been given.  Our task, therefore, under such assignment, will be to determine whether there was substantial evidence to establish the several elements of plaintiff's cause of action, namely, that a payment was made to defendant by the United Packing & Preserving Company while the latter was insolvent, and within four months of bankruptcy; that defendant had reasonable grounds for believing that the United Packing & Preserving Company was insolvent at

the time such payment was made; and that the effect of such payment was to give defendant a greater percentage of its debt than other creditors of the same class secured. [Trepp v. State National Bank (Mo. Sup.), 289 S. W. 540; Newman v. Tootle-Campbell Dry Goods Co., 174 Mo. App. 528, 160 S. W. 825; Walker v. Wilkinson (C. C. A.), 296 Fed. 850; 2 Collier on Bankruptcy (13 Ed.), p. 1248; 7 C. J. 270; 3 R. C. L., p. 285.]

We must further bear in mind that, while it is quite true that the burden of proof was upon plaintiff to prove all of the above essential elements of a voidable preference, the usual rule upon demurrer prevails, that plaintiff is entitled to have the evidence in his favor accepted as true, and is also entitled to every reasonable inference to be drawn therefrom. [Trepp v. State National Bank, supra.]

In plaintiff's principal instruction he designated February 14, 1922, as the date on which the alleged preferential payment was made, and in such respect the instruction was drawn to conform to the evidence. It also appeared that plaintiff had insufficient assets on hand out of which to pay those creditors whose claims had been allowed. Thus, if the payment to defendant constituted a preference, it is clear that the effect thereof was to give defendant a greater percentage of its debt than other creditors of the same class secured. The correctness of the court's ruling on demurrer, therefore, seems to turn upon the question of whether there was substantial evidence from which the jury might have found that the United Packing & Preserving Company was, in fact, insolvent at the time of such payment, and, if so, that defendant had reasonable cause to believe that such payment to it would effect a preference over other creditors. Accordingly we shall confine our discussion as to the case on demurrer within the limits thus set for us.

A party is deemed to be insolvent, within the meaning, and under the provisions, of the Bankruptcy Act, whenever the aggregate of its property, exclusive of any property which it may have conveyed or transferred with intent to defraud its creditors, shall not, at a fair valuation, be sufficient to pay such party's debts. Moreover, the question of solvency must be determined as of the date when the alleged preferential payment was made. [2 Collier on Bankruptcy (13 Ed.), p. 1250; 4 Remington on Bankruptcy (3 Ed.), sec. 1766; 7 C. J. 150; 3 R. C. L., p. 273.] It follows, therefore, that we must view the evidence as it may bear upon the solvency of the United Packing & Preserving Company as of February 14, 1922, which date, as we have said before, was the one submitted to the jury as the date of the payment in question.

In his brief, plaintiff attempts to list the assets and liabilities of the United Packing & Preserving Company, as of January 20, 1922, when the payment of the insurance money began to be made. At such date, it appears that the company's total assets were $25,799.05,

based upon items of $25,673.35 from fire insurance, and $125.70 from salvage. There was evidence that at the same time the company's liabilities amounted, at the very least, to the sum of $33,860.-22, even when we adopt the figures at which the claims of the Jim Anderson Company and the South Side Bank were compromised, rather than at their face values. While it is true that there were certain outstanding accounts receivable made payable to the Evans-Rich Manufacturing Company, such of the accounts as were paid did not add to the assets of the United Packing & Preserving Company, but instead were applied to and merely decreased the amount of the claim of the Evans-Rich Manufacturing Company. It seems apparent, therefore, that the United Packing & Preserving Company was insolvent, as we have defined the term above, on January 20, 1924, a conclusion which, incidentally, is the same as that reached by our Supreme Court upon practically the same state of facts, in Trepp v. State National Bank, supra.

The evidence disclosed that, on and after the above date, until February 14, 1922, certain of the claims against it were paid by the United Packing & Preserving Company, which fact, however, did not affect the solvency of the company, inasmuch as the payment of the claims merely reduced the amount of the assets accordingly. The result is that, while direct proof of the insolvency of the company on February 14th was lacking, proof of its insolvency on January 20th, a reasonable time prior to the date of payment, accompanied with proof that no substantial change had occurred in its financial condition in the meanwhile, may be taken as evidence of insolvency at the latter date, under the usual presumption that a condition, once shown to exist, is presumed to continue for a reasonable time thereafter under the same circumstances. [4 Remington on Bankruptcy (3 Ed.), sec. 1768.]

Passing to the second feature of the case, can it be said that defendant, at the time it received the payment in question, had reasonable grounds for believing that the United Packing & Preserving Company was insolvent, so that such payment to it would effect a preference over the other creditors? To establish such reasonable cause for belief, as the expression is used in the statute, it is not necessary that proof be made, either of actual knowledge, or of actual belief, on the part of the preferred creditor, but it suffices if such surrounding circumstances appear as would have led an ordinarily prudent business man to conclude that such payment would result in a preference. Of course, mere suspicion that a preference would be effected, is not sufficient. [2 Collier on Bankruptcy (13 Ed), p. 1299; 4 Remington on Bankruptcy (3 Ed.), sec. 1823; 7 C. J. 152; 3 R. C. L., p. 278.]

This element of plaintiff's proof appeared almost wholly from the evidence of Mr. Rich, of the Evans-Rich Manufacturing Company,

who testified, in substance, that he had had ten or twelve conversations with Mr. Kelly, the St. Louis representative of defendant, during the months of November and December, 1921, and January, 1922; that he had informed Kelly of the incomplete list of creditors of the United Packing & Preserving Company that had been filed with the State National Bank, and that the claims of their respective companies were not included therein; that he had discussed with Kelly the assets and liabilities of the United Packing & Preserving Company, and had shown him that such company was insolvent; and, finally, that he had asked Kelly, on behalf of defendant, to join with the Evans-Rich Manufacturing Company, and the Schramm Glass Company, in filing the petition in bankruptcy against the United Packing & Preserving Company. Furthermore, Kelly knew that he had been unable to obtain payment from such company on the two trade acceptances, was aware of the fire, and had advised his home office that the United Packing & Preserving Company had experienced a total loss therein.

Thus, we are clearly of the opinion that there was substantial evidence of such facts as to the insolvency of the United Packing & Preserving Company having been brought home to Kelly as to have put an ordinarily prudent person upon inquiry, from which it follows that the jury could with propriety have found that, at the time the payment to it was made, defendant had reasonable cause to believe that such payment would effect a preference, inasmuch as the knowledge of Kelly, acting as agent for defendant, and in its behalf, was imputed to the latter. [2 Collier on Bankruptcy (13 Ed.), p. 1314; 4 Remington on Bankruptcy (3 Ed.), sec. 1839; 7 C. J. 154.]

From the above conclusions it is therefore apparent that defendant's requested peremptory instruction in the nature of a demurrer to all the evidence was properly refused.

The next point strenuously argued by counsel for defendant is that the court erred in admitting in evidence the petition in bankruptcy filed in the federal court by the Evans-Rich Manufacturing Company against the United Packing & Preserving Company, in which petition the payment of its indebtedness to defendant by the United Packing & Preserving Company was assigned as an act of bankruptcy, that is, that the United Packing & Preserving Company, while insolvent, made the payment in question to defendant with the intent to prefer such creditor over the Evans-Rich Manufacturing Company, the petitioning creditor.

We have no doubt that, as a general rule of practice, it is entirely proper for the trustee in bankruptcy, in an action to avoid a preference, to allege and prove as necessary elements of his cause of action (as did plaintiff in the case at bar) the filing of an involuntary petition in bankruptcy, the adjudication thereon, and that he is the duly appointed, qualified, and acting trustee of the estate of the

bankrupt. [3 R. C. L., p. 268; 5 Remington on Bankruptcy (3 Ed.), sec. 2286.] The *date of the filing* of the petition in bankruptcy is material, inasmuch as under the provisions of the statute the status of the trustee as that of a lien creditor is held to exist as of such date. [Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275; Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed. 841.]

However, an adjudication in bankruptcy, beyond determining the status of the debtor as a bankrupt, is not conclusive upon creditors, such as defendant, who were not parties to the proceedings in bankruptcy, in subsequent actions between them and the trustee, even as to the points necessarily decided in such adjudication. [Gratiot County State Bank v. Johnson, 249 U. S. 246, 39 S. Ct. 263, 63 L. Ed. 587; Liberty National Bank v. Bear, 265 U. S. 365, 44 S. Ct. 499, 68 L. Ed. 1057; 3 R. C. L., p. 284; 4 Remington on Bankruptcy (3 Ed.), sec. 1762.] Thus, although the insolvency of the United Packing & Preserving Company was a necessary element of its alleged act of bankruptcy, upon a finding of which the adjudication of the federal court was based, nevertheless such adjudication was not *res judicata* as to such fact of insolvency in the present action brought by the trustee against defendant, not a party to the original bankruptcy proceedings.

We recognize the fact that the pleadings of one case may, under certain conditions, be introduced in evidence in another case, if relevant and material to the issues involved in the action in which they are sought to be used, and if the doctrine of *res inter alios acta* is not violated. But here, neither the subject-matter, the parties, nor the relief sought in the two proceedings, was the same. Consequently, we cannot avoid the conclusion that the *contents* of such petition (as distinguished from the date of its filing) was inadmissible for any purpose against defendant, and that the ruling of the court on defendant's objection constituted prejudicial error, in that the jury was thus allowed to be impressed with the fact that the federal court had found the allegations of such petition, as to essential elements of plaintiff's case, hotly contested in the present trial, to be true. [4 Remington on Bankruptcy (3 Ed.), secs. 1753-1760; 5 Remington on Bankruptcy (3 Ed.), secs. 2291-2294; Clifton Mercantile Co. v. Conway (Tex. Civ. App.), 264 S. W. 192.]

Other alleged errors assigned by defendant may not appear upon a retrial of the case. For the error above noted, the Commissioner recommends that the judgment of the circuit court be reversed, and the cause remanded.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.