CASCO MERCANTILE TRUST COMPANY

*vs.*

ROBERT B. SEIDEL ET ALS.

Cumberland.    Opinion September 5, 1928.

*Harry C. Libby,* for petitioner.
*Emery & Waterhouse,* for defendants.

Sitting: Wilson, C. J., Philbrook, Dunn, Deasy, Barnes, JJ.

Deasy, J. On June 20, 1925, the plaintiff bank brought, against the defendant, Clarence E. Goff, an action of tort for deceit alleging that in 1924 he fraudulently obtained money from the bank. On July 31, 1925, the defendant, Goff, upon a petition by certain creditors, not including the plaintiff, was adjudged an involuntary bankrupt. In 1926 the plaintiff recovered judgment in its action of deceit and caused the defendant Goff to be arrested on execution. He gave the statutory bond and in due time and form submitted to examination in disclosure proceedings. A majority of the justices of the peace hearing the disclosure held that he was entitled to take the oath and it was administered.

Whereupon the plaintiff brought this petition for writ of certiorari alleging errors on the part of the magistrates and praying that their record be quashed. At nisi prius the petition was dismissed. The plaintiff excepted.

The oral examination is not presented to this court except in a summary by the magistrates in which it is said that "no oral evidence of fraud was submitted." The plaintiff contends that certain documentary evidence offered in the disclosure proceedings, and set forth in the bill of exceptions shows that the debtor, since the cause of action accrued, has conveyed property with intent to defraud creditors (R. S. Chap. 115, Sec. 65) and that therefore the magistrates made an error of law in permitting the oath to be taken. We perceive no error requiring the quashing of the magistrates record.

The alleged fraudulent transactions which are claimed by the plaintiff to be inconsistent with the oath may be summarized thus:

(1) The deceit, practiced by Goff, which was the basis of the original action.

This was a reprehensible transaction. It put Goff in peril of criminal prosecution. It created a liability not barred by bankruptcy. It was, however, not a conveyance of property in fraud of creditors, but rather an acquisition of property in fraud of one not then a creditor.

(2) Mortgages.

From the findings of the magistrates it appears that after the cause of action is alleged to have accrued, the defendant Goff gave a mortgage to secure an existing debt and another in part for the same purpose and in part to pay for services to be rendered.

It has been held that a voluntary gift of unexempt property by a debtor is prima facie fraudulent. *French* v. *Holmes*, 67 Me., 186. *Laughton* v. *Harden*, 68 Me., 213.

Not so however in case of a conveyance or mortgage for a present, or even a past consideration.

Preferential payments are valid at common law. *Folsom* v. *Smith*, 113 Me., 88. Bankruptcy may dissolve them. Proof of actual fraud may defeat them. But fraud is not to be presumed. *Grant* v. *Ward*, 64 Me., 239. In the present case fraud is not proved by any evidence before this court. The finding of the magistrates negatives it.

(3) Fraud established by the adjudication of the bankruptcy court.

The bankruptcy petition sets forth a conveyance of property in fraud of creditors and also a conveyance with intent to prefer one creditor, a transaction not necessarily fraudulent. R. C. L. Vol. 3, Page 272.

The adjudication is in the ordinary form not specifying as a basis any one act of bankruptcy. The plaintiff sets up res judicata.

But the Circuit Court of Appeals in the case *In re Letson*, 157 Fed., 78, decides this point adversely to the plaintiff's contention. The head note of that case, fairly summarizing the opinion says: "An adjudication of bankruptcy on a petition charging different acts of bankruptcy and which does not show on which one it pro-

ceeded, does not render either charge res judicata in the further proceedings."

Notwithstanding this decision the plaintiff's counsel contends that the adjudication of bankruptcy conclusively establishes Goff's fraudulent conveyance. The plaintiff invokes the rule that a judgment includes and concludes "everything that was litigated or that might have been litigated."

This rule, however, applies only when the parties are the same. 15 R. C. L., 1006, and cases cited.

The plaintiff is a party to the instant suit. Not having been either a petitioning or intervening creditor, it was not a party in the bankruptcy proceeding. So held by the United States Supreme Court in *Bank* v. *Johnson*, 249 U. S., 246, 63 L. Ed., 587.

We quote from the opinion of Mr. Justice Brandeis: "So far as it (the adjudication of bankruptcy) declares the status of the debtor, even strangers to the decree may not attack it collaterally. But an adjudication in bankruptcy, like other judgments in rem, is not res judicata as to the facts or as to the subsidiary questions of law on which it is based, except as between parties to the proceeding or privies thereto."

The case further holds that a non-petitioning, non-intervening creditor, i.e., one circumstanced like the plaintiff, is not a party:

"Trustee contends, however, that since ---- any creditor is entitled to intervene in the bankruptcy proceedings, the bank should be considered a party thereto. ----- But he (a creditor) is under no obligation to intervene, and the existence of the right is not equivalent to actual intervention. Unless he exercises the right to become a party, he remains a stranger to the litigation, and, as such, unaffected by the decision of even essential subsidiary issues." *Bank* v. *Johnson*.

The bankruptcy decree is res judicata as to the debtor's bankrupt status. This was the thing litigated and decided. But the plaintiff, "a stranger to the (bankruptcy) litigation" cannot be heard to claim that the decree is res judicata as to the particular act of bankruptcy upon which the decree was based, even though this be an "essential subsidiary issue."

*Little* v. *Cochran*, 24 Me., 508, and *Marr* v. *Clark*, 56 Me., 542, cited and chiefly relied upon by the plaintiff, differ radically from

the case at bar. In one, bankruptcy was treated as excusing dis-
closure, and in the other the magistrates ruled out certain perti-
nent questions.

Neither of these errors was made in the pending case.

*Exceptions overruled.*