**RODGERS et al. v. BROMBERG et al.**

**No. 6318.**

Circuit Court of Appeals, Fifth Circuit.
Nov. 24, 1931.

Rehearing Denied Dec. 19, 1931.

Allen Wight, of Dallas, Tex., for appellants.

H. L. Bromberg and Hoyt A. Armstrong, both of Dallas, Tex., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The appellees, as attorneys at law, were allowed a fee of $3,500 for representing the petitioning creditors in procuring an adjudication in bankruptcy of Rodgers-Meyers Furniture Company over the objection of A. N. Rodgers, the president of the company, and his wife, Florence N. Rodgers, as creditors, who appealed. The errors assigned are that no fee should have been allowed because the attorneys in verifying the petition for bankruptcy had falsely sworn that they had powers of attorney from the petitioning creditors, though they had none, and because as to one creditor they had no authority at all; that the fee was excessive; and that the court erred in not receiving evidence of the known falsity of the allegations in the petition touching insolvency and the acts of bankruptcy. The petition alleged that the petitioning creditors are foreign corporations and nonresident in Texas, but "have authorized and given powers of attorney to" the subscribing attorneys. Appellees Armstrong and Roberts each made affidavit that "The facts and representations made in the petition are true and correct to his knowledge, and that he is authorized to sign it for" his clients as named. Each now admits that he had no formal power of attorney at the time of signing, but shows that there were telegrams and letters direct from two of the petitioning creditors and from a company which insured the third petitioner against loss on its accounts, and which had been specially authorized to act, directing the filing of the petition. The communications

from the insurance company were, however, actually addressed to the law partner of Armstrong instead of to himself, but there were letters from this creditor afterwards written ratifying the filing of the petition. An attorney at law no longer needs to have a formal warrant of attorney, even from a corporation, in order to file a legal proceeding. Osborn v. Bank of United States, 9 Wheat. 738, 828, 6 L. Ed. 204. An actual employment so to do through an authorized agent, whether formal or informal, is sufficient. 6 C. J. "Attorney and Client," §§ 124, 129; 2 R. C. L. "Attorneys at Law," §§ 57, 60. A ratification also will cure an unauthorized appearance. Robb v. Vos, 155 U. S. 13, 15 S. Ct. 4, 39 L. Ed. 52; 2 R. C. L. "Attorneys at Law," § 55. Ample authority appears here to represent each of the petitioning creditors in filing the petition. The statement in the petition that the attorneys had powers of attorney is wholly immaterial and may be considered as corrected in the affidavits of authority which omit reference to any power of attorney. There is no such unauthorized conduct or disregard of truth apparent as should forfeit the attorney's right to compensation as fixed by the Bankruptcy Act in title 11, U. S. C. § 104(b) (3), 11 USCA § 104(b) (3).

■ As to the amount of the compensation, we find no cause to overrule the decision of the District Judge. The petition was filed July 12, 1930. A majority of the creditors desired to avoid bankruptcy, and had on June 11th appointed a committee to manage and liquidate the business through the local representative of a mercantile credit bureau. On August 1st, if nothing were done to prevent, a liability for $30,000 for another year's rent in advance on the place of business of the debtor company would accrue, with a first lien on its assets under the Texas law, and the committee was making little progress in arranging it, and did not do so until July 30th, after the petition was filed. It was claimed that preferences had been made within four months which should be voided by bankruptcy. Under these circumstances it was the right of the petitioning creditors on the advice of their counsel to disagree to the proposals of the creditors' committee, and to attempt to secure a bankruptcy under the law. The charge is vehemently made that this was done by appellees without necessity or justification, and only to earn the fee for so doing. Such a perversion of the duty and function of an attorney at law, an officer of the court and the trusted agent of his client, would merit severest censure and a discipline beyond the disallowance of fees. It is true that both insolvency and the acts of bankruptcy charged were denied, but at last, after the creditors' committee had managed the business under the protection of the court for six months, the demand for jury trial was withdrawn and an adjudication on the involuntary petition was consented to and had on January 21, 1931. Although the bankrupt in thus withdrawing its defense sought still to protest, and to assert a purpose to contest the validity and good faith of the petition, the adjudication necessarily settled that the bankrupt was insolvent at the time of the filing of the petition, and that at least one of the acts of bankruptcy alleged was true. As respects the propriety of the petition, it is no longer open to the bankrupt, his trustee, or the creditors to contend otherwise. Gratiot County State Bank v. Johnson, 249 U. S. 246, 39 S. Ct. 263, 63 L. Ed. 587, does not hold to the contrary. The court did not err in refusing to reopen that question. It appears that on July 21, 1930, when the petition first came to an issue, the petitioners were not ready for a trial, and asked a postponement. A demand for jury trial was then made by the bankrupt which would involve considerable delay. The court thereupon, in lieu of a receivership, authorized the continued conduct of the business under the guidance of the creditors' committee, and authorized them to deal with the problem of the future rents. A motion was made by the petitioning creditors to be allowed to examine the bankrupt's books on the issue of insolvency, which after a contest was overruled. On November 29, 1930, an application by petitioning creditors for a receiver was made, and referred to a special master, before whom a two days' hearing was had. Pending his report, on December 31st the bankrupt, at the request of the creditors' committee, filed a voluntary petition in bankruptcy. Adjudication on it was successfully resisted by the petitioning creditors on the ground that the preferences which they claimed had been made were more than four months old at the time of the filing of the voluntary petition and could not upon an adjudication on it be set aside. A receiver was then appointed. The creditors' committee on December 29th had suggested a sale of the assets for $80,000, and a 30 per cent. composition. After adjudication on January 21, 1931, the bankrupt offered a composition of 31 per cent. On administration of the assets in bankruptcy, $130,000 was realized, and a dividend of 45 per cent.

was paid, with an additional dividend of 10 per cent. reported by the referee as in prospect. Considering the amount of the estate, the benefits secured, the length of time involved, and the litigation had, the personal unpleasantness of which is but dimly indicated in what we have said, we cannot say the fee allowed is excessive.

Judgment affirmed.