MORRIS STERN, Appellant, v. JULIUS GLOVER et al., Respondents.— In an action to recover under an alleged agreement whereby defendants agreed to pay plaintiff for services to be rendered in procuring an agreement for the sale to defendants of shares of stock of various corporations, plaintiff appeals from a judgment dismissing the complaint at the end of the plaintiff's case. Judgment reversed on the law and new trial granted, with costs to abide the event. The defendants by a separate defense alleged that the agreement which plaintiff procured was illegal for the reason that the transfer of the shares of stock embraced in the agreement would have rendered the seller, one Weiss, insolvent and would have been a fraud as to creditors and have constituted a preference and been an act of bankruptcy under the National Bankruptcy Act. The complaint was dismissed on the ground that the transfer would have constituted an illegal preference. There was no evidence from which it could be found that

the sale of the stock was to satisfy an antecedent debt owed to the defendants as creditors of the sellers of the stock. The transfer would not, therefore, have been an illegal preference. (U. S. Code, tit. 11, § 93; 4 Remington on Bankruptcy, § 1660.) Neither could it be said as matter of law that the transfer would have been fraudulent as to creditors. The plaintiff was not a party to the proceedings in the Bankruptcy Court. As against him, the defendants were obliged to establish that Weiss was insolvent or would have become insolvent at the time of the transfer (*Gratiot State Bank* v. *Johnson*, 249 U. S. 246) and that the sale was to be for an unfair price or that there was an actual intent to defraud creditors. The transfer was not to be without consideration and, therefore, would not have been voluntary. (Cf. *Babcock* v. *Eckler*, 24 N. Y. 623, 623.) However, if in fact Weiss was or would have become insolvent by the transfer, the price could be said to be inadequate and as matter of law the transfer would have been fraudulent as to the creditors of Weiss other than defendants without regard to the intent of Weiss. Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.